Les NORMANDIN, Petitioner

v.

The PEOPLE of the Town of Parachute, Respondent.

No. 03SC227.

Supreme Court of Colorado, En Banc.

June 7, 2004.

Gordan P. Gallagher, Grand Junction, Colorado, Attorney for Petitioner.

Carter & Sands, P.C., Stephen L. Carter, Rifle, Colorado, Attorneys for Respondent.

Justice KOURLIS delivered the Opinion of the Court.

## I. Introduction

In this case, we deal only with a procedural issue, and not with the underlying merits of the case. The district court here dismissed an appeal taken from a conviction entered in a qualified municipal court of record. Relying on section 13–10–117, 5 C.R.S. (2003), the district court concluded that the appellant's failure to file the notice of appeal within ten days of the entry of the judgment of conviction rendered the appeal untimely.

We now reverse the district court's ruling and hold that because the conviction originated in a municipal court of record, the appellant had thirty days following the judgment of conviction to file the notice of appeal, pursuant to section 13–10–116(2), 5 C.R.S. (2003), Colorado Municipal Court Rule (C.M.C.R.) 237, and Crim. P. 37. The appellant in this case filed his notice of appeal within thirty days following the judgment of conviction, and therefore the appeal was timely.

## II. Factual and Procedural Background

On October 7, 2002, Les Normandin was convicted of two separate municipal criminal violations by two separate juries. Judgment was entered for each conviction on October 7, 2002.

On November 6, 2002, twenty-nine days after the judgments of conviction were entered, Normandin filed a notice of appeal for both convictions with the District Court for the Ninth Judicial District. The cases were consolidated for purposes of appeal.

On January 27, 2003, the prosecutor for the People of the Town of Parachute ("Parachute") moved to dismiss the appeal on the grounds that the notice of appeal was untimely filed. Parachute argued that section 13–10–117 required Normandin to file notice of the appeal within ten days of the judgment of conviction. Because he filed the notice twenty-nine days after the convictions were entered, Parachute contended that the district court was without jurisdiction to hear the appeal.

Normandin countered that section 13–10–116(2) and, by extension of that statute, C.M.C.R. 237 and Crim. P. 37 govern the time for appeal. He argued that the statute and those rules afford a defendant convicted in a municipal court of record thirty days in which to file an appeal to the district court following the judgment of conviction. Because he filed the notice of appeal twenty-nine days after the convictions, Normandin argued that his appeal was timely filed.

The district court dismissed the appeal on March 7, 2003. In its order, the court noted that it perceived a conflict between the rules deriving from section 13–10–116 and section 13–10–117. Specifically, while Crim. P. 37

and section 13–10–116(2) granted Normandin thirty days to file an appeal, section 13–10–117 afforded him only ten. The court noted that "the Municipal Court is created by statute and that these statutes governing the Court control where the statutes are in conflict with the rules of procedure." Accordingly, the court concluded that because the statutes required Normandin to file the appeal within ten days of the convictions and because Normandin failed to do so, the court dismissed the appeal.

Normandin then petitioned this court for certiorari pursuant to section 13–6–310(4), 5 C.R.S. (2003). We granted that petition and now must decide whether a defendant convicted in a Colorado municipal court of record has ten days or thirty days within which to file a notice of appeal with the district court.

### III. Analysis

Both parties to this case agree that if section 13–10–116(2) is controlling, Normandin's notice of appeal was timely filed. They also agree that if section 13–10–117 governs, Normandin's notice of appeal was not timely filed. There are two categories of municipal courts in this state: (1) municipal courts of record, which are presided over by an attorney judge and are required to maintain an official record of in-court proceedings, and (2) the balance of municipal courts. Both the appeal procedure and the timing for such an appeal differ between the two types of courts. Normandin's convictions were entered by a municipal court of record; we therefore conclude that section 13–10–116(2) controls and the district court erred in dismissing Normandin's appeal as untimely.

### A. Statutes and Rules Governing Appeals Taken from Municipal Courts

#### 1. Municipal Courts

The procedures governing municipal courts are generally found in article 10 of title 13 of the Colorado Revised Statutes. § 13–10–103, 5 C.R.S. (2003). Section 13–10–102, 5 C.R.S. (2003), sets out the definitions for the governing provisions and pro-

vides that a " '[m]unicipal court' includes police courts and police magistrate courts created or existing under previous laws or under a municipal charter and ordinances." § 13–10–102(1). It then further defines a "*[q]ualified* municipal court of record" (emphasis added) as

a municipal court established by, and operating in conformity with, either local charter or ordinances containing provisions requiring the keeping of a verbatim record of the proceedings and evidence at trials by either electric devices or stenographic means, and requiring as a qualification for the office of judge of such court that he has been admitted to, and is currently licensed in, the practice of law in Colorado.

§ 13–10–102(3). These definitions provide crucial distinctions that apply throughout the article governing municipal courts.

#### 2. Section 13–10–116

Section 13–10–116 sets out the rules governing appeals of judgments entered by the various municipal courts. Subsection (1) governs appeals of municipal court judgments and states that "[a]ppeals may be taken by any defendant from any judgment of a municipal court which is not a qualified municipal court of record to the county court of the county in which such municipal court is located, and the cause shall be tried de novo in the appellate court." Subsection (2) governs appeals from qualified municipal courts of record and provides that

[a]ppeals taken from judgments of a qualified municipal court of record shall· be made to the district court of the county in which the qualified municipal court of record is located. The practice and procedure in such case shall be the same as provided by section 13–6–310 and applicable rules of procedure for the appeal of misdemeanor convictions from the county court to the district court, and *the appeal procedures set forth in this article shall not apply to such case.*"

(emphasis added). Section 13–6–310 provides the appellate procedures to be followed when appealing a judgment of the county court. Broadly stated, it provides that appeals from county courts are to be made to

the district court and that the district court is to review the appeal on the record made at the county court level. § 13–6–310(1).

### 3. C.M.C.R. 237 and the Time for Appeals Taken from Municipal Courts

C.M.C.R. 237 ("Rule 237") pertains specifically to municipal court appeals. Rule 237(a) states that "[a]ppeals from courts not of record shall be in accordance with sections 13–10–116 to 13–10–125, C.R.S." Part of the confusion in this case stems from the fact that section 13–10–117 generally states the time for appeals from municipal courts, without distinguishing between municipal courts of record and not of record. It provides that "[a]ppeals may be taken within ten days after entry of any judgment of a municipal court." § 13–10–117.

Rule 237(b), however, then explicitly provides that "[a]ppeals from courts of record shall be in accordance with Rule 37 of the Colorado Rules of Criminal Procedure." Thus, judgments entered in a qualified municipal court of record are to be appealed according to the rules governing appeals of county court convictions, which are in turn governed by Crim. P. 37.

### 4. Crim. P. 37

Crim. P. 37 ("Rule 37"), entitled "Appeals from county court," provides, as pertinent here, that "[t]o appeal the appellant shall, within thirty days after the day of entry of the judgment or the denial of post trial motions, whichever is later, file notice of appeal in the county court. . . ." Thus, Rule 237 and Rule 37 combine to provide a thirty-day opportunity to file a notice of appeal from a judgment entered by a municipal court of record.

Hence, the impact of these various provisions is that appeals from municipal courts NOT of record go to the county court, are tried de novo—because of the absence of a record—and must be filed within ten days. To the contrary, appeals from municipal courts of record, like appeals from county courts, go directly to the district court, are reviewed on the record, and must be filed within thirty days.

### B. Perceived Conflict between the Rules Governing Appeals Taken from Judgments Entered by a Municipal Court of Record and Section 13–10–117

■ In its order dismissing Normandin's appeal, the district court ruled that a defendant appealing a judgment from a municipal court—whether a municipal court or a municipal court of record—has only ten days to file his notice of appeal following the entry of judgment. The court based its ruling entirely upon section 13–10–117, which, according to the court, mandates a ten-day window within which to file an appeal from all municipal courts and conflicts irreconcilably with each of the rules and statutes described above.

Parachute now asks this court to affirm that ruling. However, Parachute does not dispute that the plain language of section 13–10–116(2) and its associated rules of procedure provide Normandin and similarly situated appellants with a thirty-day opportunity to file an appeal. Instead, it argues, as the district court held, that 13–10–117 conflicts with section 13–10–116 and that because section 13–10–117 is the more specific statute of the two, its ten-day time limit controls. We reject this argument—and, therefore reverse the district court's order of dismissal—because we perceive no conflict between section 13–10–117 and section 13–10–116 and its associated rules of procedure.

### 1. Standard of Review

■ As with all statutes, we must interpret a statute so as to give effect to legislative intent. *Concerned Parents of Pueblo, Inc. v. Gilmore,* 47 P.3d 311, 313 (Colo.2002). To discern that intent, "we afford the statutory language its ordinary and common meaning, giving effect to every term and provision, including legislative definitions, while harmonizing potentially conflicting provisions, if possible." *Telluride Resort & Spa, L.P. v. Colo. Dep't of Revenue,* 40 P.3d 1260, 1264 (Colo.2002). Where the language of the statute is clear and unambiguous, we do not resort to interpretive rules of statutory construction. *People v. Luther,* 58 P.3d 1013, 1015 (Colo.2002).

We have held that "where two statutes attempt to regulate the same conduct, the more specific statute does preempt the general one." *Showpiece Homes Corp. v. Assurance Co. of Am.,* 38 P.3d 47, 53 (Colo. 2002). We so hold, however, only when "there is a manifest inconsistency between the two statutes because statutory repeals by implication are disfavored." *Id.* In all cases, "we will favor a construction that avoids potential conflict between the relevant provisions." *People v. Mojica–Simental,* 73 P.3d 15, 17–18 (Colo.2003) (internal quotation marks omitted). We are also aware "that statutes giving the right of appeal are liberally construed in furtherance of justice, and that such interpretation as will work a forfeiture of the right is not favored." *Wigton v. Wigton,* 69 Colo. 19, 22, 169 P. 133, 134 (Colo.1917).

Bearing in mind these interpretive principles, we now turn to the alleged conflict between section 13–10–117 and section 13–10–116 and its effect, if any, on the otherwise applicable rules governing the appeal at issue in this case.

### 2. Section 13–10–117

Section 13–10–117 declares in relevant part:

> Appeals may be taken within ten days after entry of any judgment of a municipal court. No appeal shall be allowed until the appellant has paid to the clerk of the municipal court one dollar and fifty cents as a fee for preparing the transcript of record on appeal. If the municipal court is a court of record, the clerk of the municipal court is entitled to the same additional fees for preparing the record, ... as is the clerk of the county court on the appeal of misdemeanors....

Parachute contends that by virtue of the reference in this statute to "any judgment of a municipal court" and the later specific reference to a "municipal court ... of record," the statute creates a ten-day appeal timeframe for all municipal court appeals. Accordingly, Parachute argues, all other statutes and rules affecting the appeals from judgments of municipal courts of record—in particular, section 13–10–116, Rule 237, and Rule 37—are rendered invalid. We are not persuaded.

Section 13–10–116 specifically covers appeals taken from judgments of municipal courts of record and exempts those appeals from the otherwise applicable procedures governing appeals from municipal courts that are not of record. § 13–10–116(2) ("[T]he appeal procedures set forth in this article shall not apply to such case."). Rule 237, implementing that mandate, similarly bifurcates the appeal procedures, stating that "[a]ppeals from courts not of record shall be in accordance with sections 13–10–116 to 13–10–125" and "[a]ppeals from courts of record shall be in accordance with Rule 37." C.M.C.R. 237(a) & (b). Rule 37, which applies to appeals from courts of record, provides a thirty-day window in which to file a notice of appeal. Crim. P. 37(a).

A plain-language reading of section 13–10–117, on the other hand, indicates that it deals only with the fees associated with preparing a record on appeal from a judgment entered in a municipal court of record. It comports with Rule 37 and provides that "[i]f the municipal court is a court of record, the clerk of the municipal court is entitled to the same additional fees for preparing the record ... as is the clerk of the county court on the appeal of misdemeanors." *See* Crim. P. 37 ("To appeal the appellant shall ... file notice of appeal in the county court, [and] post such advance costs as may be required for the preparation of the record....").

Contrary to Parachute's contention, we view section 13–10–116(2) and its associated rules as by far the more specific on the issue of time for appeal than any tangential mention of municipal courts of record in section 13–10–117. We view section 13–10–116(2) as directly applicable to appellate court procedures both for judgments entered in county courts and for judgments entered in municipal courts of record. This interpretation is supported by the mandatory language contained in both Rule 237 and Rule 37. C.M.C.R. 237 ("Appeals from courts of record *shall* be in accordance with Rule 37.") (emphasis added); Crim. P. 37 ("To appeal, the appellant *shall,* within thirty days after the date of entry of judgment or the denial of

posttrial motions, whichever is later, file notice of appeal in the county court.") (emphasis added).

## IV. Conclusion

In summary, we are able to harmonize the specific rules governing appeals taken from municipal courts of record with the mention of municipal courts of record found in section 13–10–117 by applying the plain language of the applicable statutes. Section 13–10–116(2) and the associated rules govern those appeals generally, while section 13–10–117 merely dictates the fee that must be paid to have the record prepared. This interpretation gives effect to legislative intent and avoids a repeal of section 13–10–116(2) by implication. Because we see no conflict between section 13–10–116(2), including its implementing rules, and section 13–10–117, we conclude that section 13–10–116(2), Rule 237, and Rule 37 all combine to provide a defendant appealing a judgment entered in a municipal court of record thirty days in which to file that appeal. Accordingly, we reverse the district court's order of dismissal and remand this case back to the district court for further proceedings.