The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Timothy Sean FOGARTY, Defendant–Appellant.

No. 03CA0294.

Colorado Court of Appeals, Div. IV.

July 14, 2005.

Certiorari Denied Jan. 9, 2006.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2004.

John W. Suthers, Attorney General, Karen E. Lorenz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Mark G. Walta, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

STERNBERG *, J.

Timothy Sean Fogarty, defendant in a criminal action, appeals from an order that he pay costs incurred by the prosecution in transferring him, at his request, from a Georgia prison to Colorado. We affirm.

In 1997, defendant was charged with two counts of theft and two counts of forgery in Summit County, Colorado. He did not stand trial on those charges. Later, when he was incarcerated in a federal facility in Georgia, he filed a request under the Interstate Agreement on Detainers (IAD), § 24–60–501, C.R.S.2004. Pursuant to that request, he was transported from the federal prison in Georgia to Colorado.

Once in Colorado, defendant pled guilty and was sentenced. The People then filed a motion for recovery of costs in the amount of $3178.13 incurred in transporting defendant. After a hearing, the court granted this motion. This appeal followed.

## I.

Defendant first argues that the court erred in granting the People's motion because the applicable costs statute conflicts with the IAD. We disagree.

Section 18–1.3–701, C.R.S.2004, provides that when a person is convicted of an offense, the court "shall" give judgment in favor of the State of Colorado, the prosecuting attorney, or the applicable law enforcement agency in the amount of the costs of prosecution. In the discretion of the court, these costs may include any "reasonable and necessary costs incurred by the prosecuting attorney or law enforcement agency that are

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2004.

directly the result of the prosecution of the defendant." Section 18–1.3–701(2)(j), C.R.S. 2004. Extradition expenses fall within this section. *People v. Lemons*, 824 P.2d 56, 58 (Colo.App.1991)(there can be "no serious dispute" that extradition expenses fall within the scope of § 18–1.3–701(2)(j)).

Defendant argues that the following provision of the IAD mandates a different result:

From the time that a party state receives custody of a prisoner pursuant to this agreement until such prisoner is returned to the territory and custody of the sending state, *the state in which the one or more untried indictments, informations, or complaints are pending or in which trial is being had shall be responsible for the prisoner and shall also pay all costs of transporting, caring for, keeping, and returning the prisoner.* The provisions of this paragraph shall govern unless the states concerned shall have entered into a supplementary agreement providing for a different allocation of costs and responsibilities as between or among themselves. Nothing herein contained shall be construed to alter or affect any internal relationship among the departments, agencies, and officers of and in the government of a party state, or between a party state and its subdivisions, as to the payment of costs, or responsibilities therefor.

Section 24–60–501(V)(h), C.R.S.2004 (emphasis added).

Neither party has cited authority supporting its interpretation of the statute, nor have we discovered any.

In interpretation of a statute, legislative intent is the polestar. *People v. Lee*, 180 Colo. 376, 381, 506 P.2d 136, 139 (1973). To discern that intent, we afford the statutory language its ordinary and common meaning, giving effect to every term and provision, while harmonizing potentially conflicting provisions, if possible. If the language of the statute is clear and unambiguous, we need go no further and do not resort to interpretive rules of statutory construction. *Normandin v. People*, 91 P.3d 383, 386 (Colo.2004).

■ Where two statutes purport to regulate the same conduct, the more specific preempts the general one. But, because statutory repeals by implication are disfavored, we will favor a construction that avoids such a conflict. *Normandin v. People, supra*, 91 P.3d at 387.

Here, the language of section V(h) of the IAD, as quoted above, addresses only the allocation of costs between states, which may be changed if "the states concerned shall have entered into a supplementary agreement providing for a different allocation of costs and responsibilities as between or among themselves." It does not address the issue whether those costs can then be passed on to a prisoner. We therefore do not read the IAD to conflict with, or impliedly repeal, § 18–1.3–701(2)(j).

## II.

■ Defendant next contends that the trial court erred in ordering him to pay costs of prosecution in the amount of $3178.13. Defendant was ordered to pay this sum because this is what the independent contractor that transported defendant charged. Defendant argues that the court erred because the maximum transportation cost is 28¢ per mile as set by § 30–1–104(1)(w), C.R.S.2004, while the independent contractor charged $1.12 per mile plus a $250 surcharge. We are not persuaded.

Section 30–1–104(1)(w) sets the mileage fee to be paid to sheriffs for transporting prisoners. Section 18–1.3–701 provides that these fees may be recovered from a defendant. Although this section does not mention independent contractors like the one that transported defendant, neither does it purport to set forth an exhaustive list of potential charges. Rather, the court has discretion to enter a judgment in the amount of "any other reasonable and necessary costs incurred by the prosecuting attorney or law enforcement agency that are directly the result of the prosecution of the defendant." *See* § 18–1.3–701(2)(j); *cf. People v. Lemons, supra.* We therefore conclude that § 30–1–104(1)(w) does not place a cap on transportation fees that may be charged to a defendant.

## III.

 Finally, defendant asserts that the trial court abused its discretion in determining that he would be able to pay these costs. We find no abuse.

Under § 16–18–101, C.R.S.2004, costs may not be imposed in a criminal case if the court determines that the defendant is unable to pay them. Although defendant testified that he would be incarcerated until at least December 2003, owed restitution in another case, and had only $85 in his account, he also testified that he would be able to work once he was released. We perceive no abuse of discretion in the court's determination that, while defendant was not presently able to pay these costs, he would be able to do so in the future.

The order is affirmed.

Judge CASEBOLT and Judge PLANK* concur.