The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ezequiel SANTANA–MEDRANO, Defendant–Appellant.

No. 04CA2152.

Colorado Court of Appeals, Division IV.

Nov. 30, 2006.

Certiorari Denied July 16, 2007.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge LOEB.

Defendant, Ezequiel Santana–Medrano, appeals the judgment of conviction entered upon a jury verdict finding him guilty of sexual assault, a class three felony. We affirm the judgment and remand the case for correction of the mittimus.

Defendant was charged with one count of sexual assault, a class four felony. *See* § 18–3–402(1)(a), C.R.S.2006. In a separate count, he was charged with causing the victim of the sexual assault to submit by physical force or physical violence, which raises the level of the offense to a class three felony. *See* § 18–3–402(4)(a), C.R.S.2006.

Under § 18–3–402(1), C.R.S.2006, a person commits sexual assault if he or she "knowingly inflicts sexual intrusion or sexual penetration" on the victim. Here, the jury received two instructions on the sexual assault charge, one with sexual penetration as an element and another with sexual intrusion as an element. The jury was also given a unanimity instruction, under which it had to unanimously decide whether defendant had committed penetration, intrusion, or both. The jury was further instructed to determine, if it had concluded defendant was guilty of sexual assault, whether the prosecution had also proved beyond a reasonable doubt that defendant had caused the victim's submission through the actual application of physical force or physical violence.

The jury found defendant guilty of sexual assault by both sexual penetration and sexual intrusion. The jury also found the prosecution had proved beyond a reasonable doubt that defendant caused submission by the use of force or violence.

The trial court sentenced defendant on the class three felony to ten years to life in the Department of Corrections (DOC). The mittimus also reflects that the trial court imposed a concurrent four-year to life sentence for class four felony sexual assault.

## I.

Defendant contends the trial court violated his constitutional rights to due process and trial by jury when it gave the jury the "physical force or violence" instruction separately from the sexual assault instructions. We are not persuaded.

Defendant did not object to the instruction at trial. Therefore, we review for plain error, which occurs when the error so undermines the fundamental fairness of the trial that it casts serious doubt on the reliability of the judgment of conviction. *People v. Miller*, 113 P.3d 743, 750 (Colo.2005). In the context of jury instructions, the defendant must demonstrate the instruction affected a substantial right and the record reveals a reasonable possibility that the error contributed to the conviction. However, plain error will not be found if the instruction, read in conjunction with the other instructions, adequately informs the jury of the law. *People v. Miller, supra.*

### A.

Defendant first argues the trial court erroneously instructed the jury on the sexual assault charge because the physical force or violence instruction did not require the jury to determine that the mens rea "knowingly" applied to that finding. We disagree.

Section 18–3–402(1)(a) provides that an actor commits sexual assault when he or she "causes submission of the victim by means of sufficient consequence reasonably calculated to cause submission against the victim's will." If the means by which the actor causes submission involve the "actual application of physical force or physical violence," the felony level is raised from a class four to a class three felony. *See* § 18–3–402(2), (4)(a), C.R.S.2006.

Whether the use of force or violence during a sexual assault requires a mens rea is a matter of statutory interpretation. We must determine the General Assembly's purpose and intent in enacting the statute, and we should avoid interpreting the statute in a way that defeats the obvious intent of the legislature. *Whitaker v. People*, 48 P.3d 555, 558 (Colo.2002). If the plain language of the statute clearly expresses the legislative intent, then we must give effect to the ordinary meaning of the statutory language. Further, we must read the statute as a whole, construing each provision consistently and in harmony with the overall statutory design, if possible. *Whitaker v. People, supra.*

Statutory provisions that raise the felony level of an offense are generally regarded as sentence enhancement provisions, not elements of the charged offense. *See Vega v. People*, 893 P.2d 107, 113

(Colo.1995)(special offender provision in § 18–18–407, C.R.S.2006, is triggered only after a conviction of a felony drug offense; a drug conviction stands without proof of the sentence enhancer of importation); *Armintrout v. People,* 864 P.2d 576, 580 (Colo.1993) (sentence enhancement provision is not an element of the offense charged because a defendant still may be convicted of the underlying offense without any proof of the sentence enhancer).

In *Whitaker v. People, supra,* the supreme court examined the elemental and sentencing provisions of § 18–18–405, C.R.S.2006, in order to determine whether the General Assembly intended the sentencing provisions to require proof of a mens rea. Section 18–18–405(1), C.R.S.2006, sets forth the elements of controlled substance offenses, while other subsections of the statute set forth the levels of punishment applicable to drug offenses involving a certain type of drug or a certain quantity of a drug. The court concluded that the apparent purpose of the penalty provisions in § 18–18–405 was to punish more severely offenders who deal with large amounts of drugs, and that determination is within the General Assembly's prerogative. *Whitaker v. People, supra,* 48 P.3d at 559. The court concluded:

> This statutory structure demonstrates the General Assembly's intent to separate sentencing factors, such as drug type and quantity, from the elements of the crime.... [D]rug quantity [is not prescribed] as an element of the offense, nor does it require proof of a culpable mental state in regards to it.

*Whitaker v. People, supra,* 48 P.3d at 558–59.

Because the elements of a drug offense, including the mental state of "knowingly," are separated from the penalties to be imposed, the penalty provisions do not create a separate substantive crime or element of the offense requiring proof of a mens rea. *Whitaker v. People, supra,* 48 P.3d at 560 (rejecting defendant's argument in the context of § 18–18–407, the special offender statute).

Turning to the statute at issue here, § 18–3–402(1)(a) sets forth the elements of the offense of sexual assault as charged in this case. To obtain a conviction for the substantive offense of sexual assault, the prosecution must prove not only that the defendant knowingly inflicted sexual intrusion or penetration, but also that the defendant caused submission of the victim "by means of sufficient consequence reasonably calculated to cause submission against the victim's will." Under § 18–3–402(2), this offense is a class four felony. However, § 18–3–402(4)(a) provides that the offense is a class three felony if the defendant "causes submission of the victim through the actual application of physical force or physical violence."

Pursuant to the plain language of the statute, sexual assault can be proved if the prosecution shows beyond a reasonable doubt that the defendant knowingly caused the victim to submit by "means of sufficient consequence reasonably calculated to cause submission." The mens rea of "knowingly" applicable to the substantive offense is necessarily proved where the jury determines that the defendant knowingly used "means of sufficient consequence" to cause the victim to submit.

Section 18–3–402(4) specifies the "means of sufficient consequence" that make the substantive offense a class three felony. These specified circumstances must be proved beyond a reasonable doubt. *See Armintrout v. People, supra.* Thus, the use of physical force or physical violence, or any of the other circumstances set forth in § 18–3–402(4), are not elements required for a conviction of sexual assault under § 18–3–402(1)(a). The provisions of § 18–3–402(4) do not set forth separate offenses or define an additional substantive element of the crime of sexual assault.

■ Therefore, we conclude that the circumstances set forth in § 18–3–402(4) are analogous to the penalty provisions contained in § 18–18–405, as discussed in *Whitaker v. People, supra.* The circumstances specified in § 18–3–402(4) do not require proof of a mens rea to convict the defendant of a class three felony offense. Instead, the plain language of the statute, read as a whole, demonstrates the General Assembly's intent that those offenders who use physical force or violence during a sexual assault should be

punished more severely than offenders who do not. *See Whitaker v. People, supra.*

Accordingly, we conclude that the lack of a mens rea in the "physical force or physical violence" special interrogatory was not error.

### B.

■ Defendant also contends the instruction and its related verdict form were not authorized by Colorado law, coerced the jurors to find him guilty of the enhanced offense, and created an extraneous influence upon the jury. We reject defendant's contentions.

Defendant's reliance on *State v. Dilliner,* 212 W.Va. 135, 569 S.E.2d 211 (2002), is misplaced. There, despite holding that special interrogatories submitted to the jury after a verdict of guilty has been entered are improper, the court explicitly observed: "[T]he statutory authorization of special interrogatories in criminal cases is for sentencing purposes. In that context, the reasons for prohibiting the use of special interrogatories do not exist." *State v. Dilliner, supra,* 569 S.E.2d at 214–15.

Defendant also argues that the physical force or violence findings should have been included in the sexual assault elemental instruction. However, the jury was instructed that it must find that physical force or violence had been proved beyond a reasonable doubt. *See Beigel v. People,* 683 P.2d 1188, 1191 (Colo.1984) (factor raising the felony level of an offense need not be included in the elemental instruction so long as the jury is adequately instructed that the factor must be established beyond a reasonable doubt).

We view the instruction and verdict form procedure employed here as comparable to the procedure specified in § 18–1.3–406, C.R.S.2006, the crime of violence statute. To support the imposition of enhanced punishment under that provision when the underlying crime is not a per se crime of violence, a separate count must be pled and proved to the jury beyond a reasonable doubt. *See* § 18–1.3–406(3), (4), C.R.S.2006; *People v. Smith,* 709 P.2d 4, 5–6 (Colo.App.1985).

We also reject defendant's argument that the instruction and verdict form were not authorized by Colorado law. Colorado law does not prohibit this procedure, which comports with the constitutional requirements discussed by the Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See Whitaker v. People, supra,* 48 P.3d at 560 (proper under *Apprendi* to instruct the jury to find the presence or absence of a special offender fact only if it found defendant guilty of the underlying crime).

Therefore, we conclude that no error, much less plain error, occurred.

### II.

■ Defendant next contends the evidence presented at trial was insufficient to support the jury's verdict of guilty as to sexual assault involving penetration. We perceive no basis for reversal.

Here, the jury also determined that defendant was guilty of sexual assault involving sexual intrusion. Defendant does not dispute the sufficiency of the evidence supporting this verdict, and either finding is sufficient for a conviction under § 18–3–402(1). *Cf. People v. Dunaway,* 88 P.3d 619, 631 (Colo. 2004)(where the evidence presented at trial is otherwise sufficient to support the determination of guilt on one theory, providing the jury with an instruction containing a factually insufficient theory of liability for the same offense does not violate due process); *People v. Lankford,* 819 P.2d 520, 521 (Colo.App. 1991)(proof of sexual intrusion is sufficient to support a sexual assault conviction).

Accordingly, we conclude there is no reversible error here.

### III.

■ Finally, we observe that the trial court imposed two sentences in this case, ten years to life for class three felony sexual assault and four years to life for class four felony sexual assault. We conclude that the class four felony conviction and sentence must be vacated.

Under § 18–3–402(4)(a), a finding of the use of physical force or violence elevates the class four felony of sexual assault to a class three felony. Here, defendant was only charged with and convicted of one count of sexual assault. Therefore, only one conviction and sentence should have been entered.

The judgment is affirmed, and the case is remanded to the trial court with directions to correct the mittimus by deleting the conviction and sentence for class four felony sexual assault.

Judge ROMÁN and Judge NEY * concur.