The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Richard SCOGGINS, Defendant–Appellant.

No. 06CA2230.

Colorado Court of Appeals, Div. I.

Sept. 3, 2009.

Rehearing Denied Dec. 3, 2009.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

John W. Suthers, Attorney General, Corina Gerety, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Elizabeth V. Kenny, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Richard Scoggins, appeals the order for costs of prosecution related to his extradition from Texas. Because we conclude that the prosecution could request payment of those costs five months after Scoggins's guilty plea, we affirm.

On April 13, 2006, three weeks after his extradition from Texas to Colorado on March 20, 2006, Scoggins pleaded guilty to theft, a class four felony, in exchange for dismissal of all other charges. The parties agreed to a stipulated sentence. The district court sentenced Scoggins to three years probation, plus ninety days jail time and other conditions, as stipulated, ordered him to pay court costs and fees, and advised him he would need to agree to a payment plan with the probation department. On May 31, 2006, Scoggins signed a document containing the conditions of probation, was released from jail, and then escaped to Texas.

On July 31, 2006, the probation department sought to revoke Scoggins's probation for his escape and for his failure to meet the financial conditions of his probation. On September 11, Scoggins pleaded guilty to the probation violations. The district court revoked probation and sentenced Scoggins to two years in the Department of Corrections and ordered him to "complete payment of the fees and costs that remain unpaid in this case." At the hearing on the revocation, the prosecution moved for costs of prosecution for Scoggins's extradition from Texas in March 2006, prior to his guilty plea. After a hearing to ensure that the costs were not duplicative, the following day the court ordered Scoggins to pay $1,903.03 in extradition costs, plus $3.50 in subpoena costs. He now appeals the order for extradition costs.

Scoggins contends the district court erred by ordering him to pay the costs of prosecution related to his extradition from Texas on the initial charges because the prosecution did not request payment of these costs until five months after he pleaded

guilty to the theft charge. We perceive no error.

Section 18–1.3–701(1) (a), C.R.S.2008, provides in pertinent part:

Where any person ... is convicted of an offense, ... the court shall give judgment in favor of the state of Colorado, the appropriate prosecuting attorney, or the appropriate law enforcement agency and against the offender ... for the amount of the costs of prosecution ....

The costs of prosecution may include, upon the prosecution's motion and at the court's discretion, any "reasonable and necessary costs incurred by the prosecuting attorney or law enforcement agency that are directly the result of the prosecution of the defendant." § 18–1.3–701(2)(j), C.R.S.2008. Extradition expenses fall within section 18–1.3–701(2)(j). *See People v. Fogarty*, 126 P.3d 238, 239–40 (Colo.App.2005).

Scoggins objected to these costs in the district court and argues on appeal that the prosecution's request was untimely and, thus, waived. We disagree.

Statutory interpretation is a question of law that we review de novo. *People v. Rickman*, 178 P.3d 1202, 1206 (Colo.2008). Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *People v. Weiss*, 133 P.3d 1180, 1184 (Colo.2006). First, we look to the language of the statute itself, giving words and phrases their plain and ordinary meaning, and reading them in context to construe them according to their common usage. *See* § 2–4–101, C.R.S.2008; *People v. Rice*, 198 P.3d 1241, 1244 (Colo.App.2008). "If the plain language of the statute clearly expresses the legislative intent, then we must give effect to the ordinary meaning of the statutory language." *People v. Santana–Medrano*, 165 P.3d 804, 806 (Colo.App.2006).

While Scoggins acknowledges there is no time limitation set forth in the statute, he asserts that the statutory language, "[w]here any person ... is convicted," § 18–1.3–701(1)(a), required the prosecution to seek costs "at the time" he was convicted. The principles of statutory construction prohibit such an interpretation of the statute.

Contrary to Scoggins's contention, we do not interpret "[w]here" to mean "at the time." In addition to the primary use of the word to indicate location, a plain and ordinary use of "where" is as a conjunction to indicate "under conditions in which" or "in circumstances in which." *See Webster's Third New International Dictionary* 2602 (2002). Thus, giving effect to the ordinary meaning of the word, we interpret the phrase, "[w]here any person ... is convicted" to convey nothing more than "under conditions or in circumstances in which a person is convicted of an offense." *See Santana–Medrano*, 165 P.3d at 806; *Rice*, 198 P.3d at 1244 (court began with dictionary definition to determine plain and ordinary meaning of a term of common usage).

Unlike the specific time limitations provided in the statutes governing restitution, the legislature set forth no concomitant time limit for costs. *Compare* § 18–1.3–603(2), C.R.S.2008 (prosecution shall present information regarding restitution to court prior to order of conviction, or within ninety days if information is not then available; court may extend ninety-day period if prosecution shows "extraordinary circumstances"), *with* § 18–1.3–701, C.R.S.2008 (court shall enter judgment in favor of State of Colorado for costs and fines, with no time limit imposed); *see generally Turbyne v. People*, 151 P.3d 563, 568 (Colo.2007) (legislature can set time limits in statutes when desired).

Further, the absence of a time limit for requesting costs does not mean that the People would have an indefinite period to do so. Even without a time limit set forth in section 18–1.3–701(1)(a), the equitable doctrine of laches may be asserted to "deny relief to a party whose unconscionable delay in enforcing his rights has prejudiced the party against whom relief is sought." *Robbins v. People*, 107 P.3d 384, 388 (Colo.2005) (the absence of a statutory time limit for collateral attack of class 1 felonies under § 16–5–402(1), C.R.S.2008, does not abrogate application of the equitable doctrine); *see People v. Valdez*, 178 P.3d 1269, 1277 (Colo. App.2007) (doctrine of laches applies to determine whether defendant's timely filed postconviction claim should be dismissed because of public defender's delay in bringing supplemental motion to attention of court and requesting hearing on it); *see also Ma-*

**334**

*mula v. People,* 847 P.2d 1135, 1137–38 (Colo. 1993) (court must rule on a timely filed motion for reduction of sentence within a reasonable time after its filing, even though no time limit is specified in Crim. P. 35(b)).

Accordingly, after the passage of an extended period of time and a showing of prejudice caused by the delay, the People's attempt to recover costs might be barred by the doctrine of laches. *See Robbins,* 107 P.3d at 388. However, we conclude that the doctrine of laches does not apply to the five-month period here to bar the People's efforts to obtain a judgment for their extradition costs.

Here, the prosecution did not request an order for the costs at issue until after Scoggins had violated the terms and conditions of his probation, approximately five months after his initial guilty plea. The district court found that the timing of the request was reasonable under the circumstances and did not result in prejudice to Scoggins. *See Mamula,* 847 P.2d at 1138. There is nothing in the record to support Scoggins's contention that the timing of the request was unreasonable or to contradict the court's finding that Scoggins was not prejudiced by it.

Further, contrary to Scoggins's contention, the order for costs did not violate his plea agreement, which did not include any agreement to waive the costs of prosecution mandated by statute.

Accordingly, we will not overturn the trial court's order and contradict the legislative intent to allow the state, prosecuting attorney, or law enforcement officials to recover costs that were reasonably and necessarily incurred during the prosecution of the case. *See Fogarty,* 126 P.3d at 239–40; *People v. Howell,* 64 P.3d 894, 899–900 (Colo.App. 2002).

The order is affirmed.

Judge GABRIEL and Judge RULAND * concur.