24CA1839 Peo v Galloway 03-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1839
El Paso County District Court No. 16CR2749
Honorable Gregory R. Werner, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Glen Law Galloway,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE SCHOCK
Grove and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 26, 2026

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Glen Law Galloway, Pro Se

¶ 1 Defendant, Glen Law Galloway, appeals the district court's order denying his postconviction motion to vacate the order requiring him to pay the costs of his prosecution. We affirm, albeit on different grounds than those relied on by the district court. *See People v. Aarness*, 150 P.3d 1271, 1277 (Colo. 2006) (noting that appellate court may affirm district court order on different grounds).

## I. Background

¶ 2 Galloway was convicted of first degree murder after deliberation, among other offenses, and the prosecution sought the death penalty. In the first phase of the death penalty proceedings, the jury found that the prosecution had proved three of the four alleged aggravating factors beyond a reasonable doubt. But in the second phase, the jury did not find beyond a reasonable doubt that the mitigating factors did not outweigh the aggravating factors, thus precluding imposition of the death penalty. At Galloway's request, the court immediately sentenced him to the statutorily mandated sentence of life in prison without the possibility of parole.

¶ 3 Approximately two and a half months later, the prosecution filed a motion for reimbursement of prosecution costs. Galloway

1

did not object, and the district court granted the prosecution's motion, ordering Galloway to pay approximately $133,000 in total.

¶ 4 Galloway challenged the order assessing prosecution costs in his direct appeal, arguing that the district court erred by including costs related to the capital sentencing proceedings even though the jury rejected the death penalty. As relevant to this case, a division of this court concluded that because costs of prosecution are not part of a sentence, Galloway's challenge to the cost order was not an illegal sentence claim under Crim. P. 35(a). *People v. Galloway*, slip. op. at ¶¶ 126, 128 (Colo. App. No. 18CA1580, Feb. 16, 2023) (not published pursuant to C.A.R. 35(e)) (citing *People v. Howell*, 64 P.3d 894, 899-900 (Colo. App. 2002)). And because Galloway did not object to the motion for costs of prosecution, the division reviewed Galloway's contentions for plain error and concluded that any error regarding the costs of prosecution was not obvious and therefore did not constitute plain error. *Galloway*, ¶¶ 128, 130.

¶ 5 Galloway then filed a motion to vacate the cost order under Crim. P. 35(a), characterizing his claim as one to correct a sentence imposed in an illegal manner. He argued that the district court (1) lacked jurisdiction to impose the costs of prosecution after

2

entering the judgment of conviction and (2) erred by failing to excise the costs allocable to the death penalty phase of the proceeding when Galloway had been "acquitted" of the death penalty.

¶ 6 The district court denied the motion. It explained that Galloway's legal argument that the order for costs must be entered at the same time as the judgment of conviction had been rejected in *People v. Scroggins*, 240 P.3d 331, 333 (Colo. App. 2009), and that Galloway did not cite any authority indicating that the failure to do so deprived the court of jurisdiction to do so later. The court also rejected Galloway's premise that the jury had "acquitted" him of the death penalty because the death penalty is a sentence, not a crime.

## II. Analysis

¶ 7 Galloway argues on appeal, as he did in his direct appeal and his postconviction motion, that (1) the district court lacked jurisdiction to assess the costs of prosecution after entering the judgment of conviction, and (2) the court erred by not reducing the assessed costs by the amount allocable to the death penalty phase of the proceeding because he was "acquitted" of the death penalty.

¶ 8     Because we conclude that Galloway's claim is not cognizable under Crim. P. 35(a) and would be successive as a Crim. P. 35(c) claim, the district court did not err by denying the motion.

### A.     Standard of Review and Applicable Law

¶ 9     We review de novo the denial of a postconviction motion without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14.

¶ 10    The substance of a postconviction motion controls whether it falls under Crim. P. 35(a) or Crim. P. 35(c). *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006). As relevant in this case, Crim. P. 35(a) allows a court to correct a sentence imposed in an illegal manner — that is, when the district court "ignores essential procedural rights or statutory considerations in forming the sentence." *People v. Tennyson*, 2025 CO 31, ¶ 29 (citation omitted). A claim arises under Crim. P. 35(c) when, among other things, the defendant asserts "[a]ny grounds otherwise properly the basis for collateral attack upon a criminal judgment." Crim. P. 35(c)(2)(VI).

### B.     Galloway's Claim Is Not a Crim. P. 35(a) Illegal Manner Claim

¶ 11    Galloway characterizes his claim as a Crim. P. 35(a) claim that his sentence was imposed in an illegal manner. We disagree.

4

¶ 12    Costs of prosecution are not part of a defendant's sentence. *See People v. Cichuniec*, 2025 COA 33, ¶ 29; *Howell*, 64 P.3d at 899-900.  Rather, costs are "primarily a civil sanction."  *Howell*, 64 P.3d at 900; *see also* § 18-1.3-701(1), C.R.S. 2025 (providing that judgment for costs "are enforceable in the same manner as are civil judgments").  Indeed, the division in Galloway's direct appeal so held, concluding that because prosecution costs are not part of the sentence, Galloway's challenge to those costs was not an illegal sentence claim that could be raised at any time.  *Galloway*, ¶ 128.

¶ 13    By the same reasoning, because costs of prosecution are not part of a defendant's sentence, a postconviction challenge to the imposition of such costs is not a challenge to the manner in which a sentence is imposed.  Thus, we conclude that Galloway's claims are not properly construed as Crim. P. 35(a) illegal manner claims.

## C.    As Crim. P. 35(c) Claims, Galloway's Claims Are Successive

¶ 14    Although costs of prosecution are not part of the sentence, Crim. P. 32(b)(3)(I) provides that the "judgment of conviction" includes "costs, if any are assessed against the defendant."  And as noted above, Crim. P. 35(c)(2)(VI) allows a defendant to assert grounds for "collateral attack upon a criminal judgment."

¶ 15    But even assuming that Galloway's claim could be cognizable under Crim. P. 35(c) — a point we do not decide — the court must deny a Crim. P. 35(c) claim that was raised and resolved in a prior appeal or that could have been presented in a prior appeal (subject to exceptions not applicable here). Crim. P. 35(c)(3)(VI), (VII).

¶ 16    Galloway's challenge to the imposition of prosecution costs was raised and resolved in his direct appeal. In rejecting that challenge, the division concluded that (1) "there are no time limits for assessing costs," and (2) the district court did not reversibly err by assessing costs associated with the death penalty phase of the proceeding. *Galloway*, ¶¶ 127, 130. And to the extent Galloway did not specifically argue in his direct appeal that the district court lacked jurisdiction to impose costs after entering the judgment of conviction, he could have. *See* Crim. P. 35(c)(3)(VII).[1]

---

[1] Crim. P. 35(c)(3)(VII) includes an exception for "[a]ny claim that the *sentencing* court lacked subject matter jurisdiction." (Emphasis added.) But as noted above, costs are not part of the sentence. *See People v. Cichuniec*, 2025 COA 33, ¶ 29. In any event, even if this claim were not successive, it would fail on the merits because costs need not be assessed at the time of the conviction and sentence. *See People v. Scoggins*, 240 P.3d 331, 333 (Colo. App. 2009).

¶ 17    Thus, construed as a Crim. P. 35(c) claim, Galloway's claim was required to be denied as successive.

### III.    Disposition

¶ 18    The order is affirmed.

JUDGE GROVE and JUDGE YUN concur.