**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Robert William DRENNON, Defendant–Appellee.**

**No. 92CA0317.**

Colorado Court of Appeals, Div. IV.

March 25, 1993.

Rehearing Denied April 29, 1993.

Certiorari Denied Oct. 18, 1993.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Edward J. Rodgers, Dist. Atty., Norman C. Cooling, Deputy Dist. Atty., Salida, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge PLANK.

The People appeal the trial court's order dismissing charges of second degree and third degree assault filed against the defendant, Robert William Drennon. The district court dismissed the charges pursuant to § 18–1–704.5(3), C.R.S. (1986 Repl.Vol. 8B), which provides that, under certain circumstances, an occupant of a dwelling using any degree of physical force against an intruder shall be immune from criminal prosecution. We reverse.

The victim knocked on the door of the defendant's residence. The defendant said, "Come in." After entering, the victim and the defendant argued. According to the defendant's testimony, he then told the victim to leave. When the victim did not leave, the defendant lunged from the couch stabbing the victim twice.

The charges at issue resulted, and defendant moved for dismissal in reliance on § 18–1–704.5(2), C.R.S. (1986 Repl.Vol. 8B). That statute provides, in pertinent part:

> Notwithstanding the provisions of section 18–1–704, any occupant of a dwelling

is justified in using any degree of physical force, including deadly physical force, against another person when that other person has made an unlawful entry into the dwelling....

At a hearing on defendant's motion, the trial court interpreted § 18–1–704.5(2) as including the concept of "remain unlawfully" within the statutory phrase "unlawful entry." Based on this interpretation of the statute, the trial court dismissed the charges against the defendant.

The People contend that the trial court erred in interpreting § 18–1–704.5(2) to include "remain unlawfully." The People argue that if the General Assembly had intended to include "remain unlawfully," it could have added such explicit language. We agree.

 Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Charnes v. Boom*, 766 P.2d 665 (Colo.1988). To discern legislative intent, a court should look first to the statutory language. *People v. Warner*, 801 P.2d 1187 (Colo.1990). Statutory words and phrases should be given effect according to their plain and ordinary meaning. And, the statute must be read and considered as a whole. *People v. District Court*, 713 P.2d 918 (Colo.1986).

It is presumed that the General Assembly has knowledge of the legal import of the words it uses and that it intends each part of a statute to be given effect. *People v. Guenther*, 740 P.2d 971 (Colo. 1987).

Here, giving effect to the plain and ordinary meaning of the statutory words and phrases, we are unable to discern a legislative intent to include "remain unlawfully" in the statute. The explicit terms of the statute provide the home occupant with immunity from prosecution only for force used against one who has made an *unlawful entry* into the dwelling. *People v. Guenther, supra.* If the General Assembly had intended the result reached by the trial court, we must assume that it would have employed statutory terminology which clearly expressed that intent, as it

has done under other circumstances. *See* § 18–4–202, C.R.S. (1986 Repl.Vol. 8B) (A person commits first degree burglary if he "knowingly enters or remains unlawfully in a building....").

In this case, the victim was invited into the defendant's residence. Only later was the victim asked to leave. Consequently, in accordance with the explicit terms of the statute, the defendant has failed to establish the legal elements of § 18–1–704.5 to bar prosecution.

The order of dismissal is reversed, and the cause is remanded for reinstatement of the charges.

JONES and MARQUEZ, JJ., concur.