**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kavin D. PAULEY, Defendant–Appellant.**

**No. 00CA0185.**

Colorado Court of Appeals, Div. III.

Sept. 27, 2001.

Certiorari Denied Feb. 25, 2002.

---

§ 24–51–1105, C.R.S.2001.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Kavin D. Pauley, appeals the sentence imposed following his termination from community corrections. We affirm the sentence in part, vacate it in part, and remand the case for amendment of the mittimus.

Following a jury trial, defendant was convicted of sexual assault on a child, a class four felony, and was sentenced to eight years probation.

Two years later, defendant's probation was revoked, and he was resentenced to a community corrections facility for eight years.

Later, defendant's placement in community corrections was terminated, and he was resentenced to the Department of Corrections (DOC) for eight years "plus a mandatory period of parole as required by statute." This appeal followed.

I.

Initially, defendant urges this court to vacate his DOC sentence on the ground that he was never given his statutory administrative review process following termination from community corrections. We agree that defendant did not receive the informal review contemplated by the statutes, but perceive no basis for vacating his sentence.

Under the present statutory scheme, a defendant is entitled to an informal "administrative review process" if he or she is rejected after acceptance in a community corrections program. *See* §§ 17–27–102(1), 17–27–103(7), C.R.S.2001; *Benz v. People*, 5 P.3d 311, 315 (Colo.2000). Such a review may be performed by the community corrections board or program or by the sentencing court. *Benz v. People, supra.*

Here, no such review was conducted, nor was one requested by defendant. And, defendant did not object in the trial court to his being resentenced without such a review.

"One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result in its forfeiture." *United States v. Calverley*, 37 F.3d 160, 162 (5th Cir.1994). However, "[I]n exceptional circumstances, appellate courts may, in the interests of justice, notice errors to which no objection has been made." *See United States v. Calverley, supra* (plain error review of sentence). *See also* Crim. P. 52(b); *People v. Kruse*, 839 P.2d 1, 3 (Colo. 1992).

Reversal is not warranted under the plain error rule, however, unless an error so undermined the fundamental fairness of the proceeding as to cast serious doubt on the reliability of its outcome. *See People v. Foster*, 971 P.2d 1082, 1085 (Colo.App.1998).

Here, the record before the trial court contained documents setting forth the notice of, and reasons for, defendant's rejection and termination from community corrections. These documents reflect that defendant was terminated from community corrections because polygraph examinations indicated that he had not committed himself to meaningful sex offender treatment, he left the community corrections facility without his case manager's approval, and he otherwise displayed unacceptable attitudes and demeanor.

Presumably, defendant was aware of the contents of these documents. Although his attorney had procured a continuance to determine the grounds upon which defendant was terminated, at the resentencing hearing neither the attorney nor defendant made any

inquiry or argument about the basis for defendant's termination.

■ The documents before the trial court provide ample grounds for defendant's termination from community corrections, *cf. Benz v. People, supra*, 5 P.3d at 313 (deceptive polygraph results); *People v. Rogers*, 9 P.3d 371, 373 (Colo.2000) (drug use, driving without a license, receipt of a speeding ticket, and failure to obey a community corrections program order), and the trial court's failure to provide an on-the-record, informal administrative review of those grounds does not cast serious doubt on the reliability of the decision to sentence defendant to incarceration.

Consequently, we conclude that defendant is not entitled to the relief he seeks.

## II.

Next, defendant contends that a period of mandatory parole was improperly added to his DOC sentence. We agree.

■ Although the mandatory parole provisions of § 18–1–105(1)(a)(V), C.R.S.2001, generally apply to offenses committed on or after July 1, 1993, a person convicted of a sexual offense committed before July 1, 1996, is subject to the more specific provisions of § 17–2–201(5)(a), C.R.S.2001. Under § 17–2–201(5)(a), the parole board is vested with the sole discretionary authority to grant or deny parole to such a sex offender and to set the length of the parole term. However, that parole term may not exceed the unserved remainder of the offender's prison sentence or five years, whichever is less. *Martin v. People*, 27 P.3d 846, 860 (Colo.2001).

Here, because defendant was convicted of a sexual offense committed prior to July 1, 1996, we conclude that he is subject to the discretionary parole provisions of § 17–2–201(5)(a), not the mandatory parole provisions of § 18–1–105(1)(a)(V).

## III.

Finally, defendant contends that the trial court abused its discretion by imposing the maximum sentence in the presumptive range for this offense. We disagree.

■ Sentencing is discretionary, and a sentence constitutes an abuse of discretion only if it is manifestly arbitrary, unreasonable, or unfair. Absent a showing that the court's wide latitude in sentencing was marred by a clear abuse of discretion, a sentencing decision will not be reversed on appeal. *People v. Harding*, 17 P.3d 183, 187 (Colo.App.2000).

■ In exercising its sentencing discretion, a trial court must consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law, the deterrence of crime, and the protection of the public. *See People v. Fuller*, 791 P.2d 702, 708 (Colo.1990).

Here, the court found that defendant had not been successfully treated for his offense; that a substantial prison sentence, where he could receive further treatment, was needed to ensure his successful rehabilitation; that he posed a risk to the community; and that he needed to be sufficiently punished for his conduct and deterred from engaging in such conduct in the future.

■ Because the record reflects that the trial court weighed the appropriate sentencing factors, stated the reasons for its decision on the record, and imposed a sentence within the presumptive range, we will not disturb the court's decision. *See People v. Fuller, supra*.

Accordingly, the portion of defendant's sentence that requires him to serve eight years in DOC is affirmed. The portion of defendant's sentence that requires him to serve a period of mandatory parole is vacated, and the case is remanded to the trial court with directions to issue an amended mittimus reflecting that defendant is subject to discretionary parole pursuant to § 17–2–201(5)(a).

JONES and MARQUEZ, JJ., concur.