The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Michael Lonnie HICKS, Defendant–
Appellant.

No. 08CA1065.

Colorado Court of Appeals,
Div. II.

Feb. 17, 2011.

John W. Suthers, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge LOEB.

Defendant, Michael Lonnie Hicks, appeals the district court's order denying his motion to dismiss for lack of jurisdiction. We affirm.

## I. Background and Procedural History

In the early morning hours of August 21, 1992, A.B. awoke to find an intruder in her bedroom. The intruder threatened A.B. with a knife to keep her from making noise, and then he anally and vaginally raped her. A.B. immediately reported the incident to the police. She also underwent a sexual assault examination, and sperm fraction samples that were found on swabs taken from A.B. were collected and preserved.

The case was inactive for many years until it was reviewed under the cold case review project in September 2004. At that time, a forensic scientist was able to develop a DNA profile from the preserved samples. The DNA profile was uploaded to a national database, and in June 2005, the Denver Police Department was notified of a match to defendant's DNA profile, which was later confirmed using a saliva sample from defendant.

On September 27, 2006, the People charged defendant with one count of aggravated sexual assault in the first degree (under section 18–3–402, C.R.S.2010). On May 17, 2007, defendant's counsel moved to dismiss the charge, alleging that the statute of limitations in effect at the time of the underlying assault had expired, and alternatively, alleging violations of the Due Process and Ex Post Facto Clauses of the United States and Colorado Constitutions. The prosecution filed a response, but the district court never ruled on the motion. Shortly thereafter, on May 29, 2007, the court granted the prosecution's request to amend the complaint to include a second count of sexual assault relating to the August 21, 1992 attack on A.B. On December 11, 2007, defendant pleaded guilty to the two counts in exchange for concurrent prison sentences of twenty-five years in the Department of Corrections.

As pertinent to this appeal, defendant filed a pro se motion to dismiss for lack of jurisdiction on February 21, 2008. He relied solely on an argument that the applicable statute of limitations had expired. The court denied his motion on April 17, 2008, and this appeal followed.

## II. Statute of Limitations

Defendant contends the district court erred by denying his motion to dismiss for lack of jurisdiction. Specifically, he argues that the General Assembly's amendment to section 16–5–401, C.R.S.2010, effective July 2001, to eliminate the statute of limitations in certain sexual assault cases, did not apply to his case, and therefore, the ten-year statute of limitations in effect at the time of the underlying assault in August 1992 applied instead. Defendant then argues that, because the ten-year statute of limitations had expired prior to the date the prosecution filed the charges against him, the district court lacked jurisdiction to enter a judgment of conviction and sentence against him. We disagree.

Statutory interpretation is a question of law that we review de novo. *Romero v. People,* 179 P.3d 984, 986 (Colo.2007). We must give effect to the General Assembly's intent, and we determine that intent primarily from the statute's plain language. *Id.* If the statutory language is unambiguous, we look no further and apply the words as written. *People v. Summers,* 208 P.3d 251, 254 (Colo.2009).

The statute of limitations in effect in August 1992, when the sexual assaults in this case occurred, provided as follows:

[T]he period of time during which a person may be prosecuted shall be ten years after the commission of the offense as to any offense:

(I) Charged under section 18–3–402. . . .

Ch. 117, sec. 1, § 16–5–401(8)(a), 1987 Colo. Sess. Laws 618–19. This ten-year statute of limitations applies to offenses and delinquent acts committed on or after July 1, 1984. *See* § 16–5–401(8)(b), C.R.S.2010.

Effective July 1, 2001, the General Assembly carved out an exception to the ten-year statute of limitations by adding section 16–5–401(8)(a.5), C.R.S.2010, which provides:

[I]n any case in which the identity of the defendant is determined, in whole or in part, by patterned chemical structure of genetic information, and in which the offense has been reported to a law enforcement agency . . . within ten years after the

commission of the offense, there shall be no limit on the period of time during which a person may be prosecuted after the commission of the offense as to any offense charged:

(I) Under section 18–3–402. . . .

This exception applies to offenses committed after July 1, 1991. *See* Ch. 283, sec. 4, § 16–5–401, 2001 Colo. Sess. Laws 1059.

Concurrent with the addition of section 16–5–401(8)(a.5), the General Assembly also amended section 16–5–401(8)(a) in pertinent part as follows:

[E]xcept as otherwise provided in paragraph (a.5) of this subsection (8), the period of time during which a person may be prosecuted shall be ten years after the commission of the offense as to any offense:

(I) Charged under section 18–3–402. . . .

Ch. 283, sec. 1, § 16–5–401, 2001 Colo. Sess. Laws 1057.

Therefore, by enacting section 16–5–401(8)(a.5), the General Assembly eliminated the statute of limitations for a narrow class of sex offenses. There is no longer a time limit upon the prosecution of sexual assaults committed after July 1, 1991, where (1) the defendant's identity is determined in whole or in part by his or her DNA, and (2) the offense is reported to a law enforcement agency within ten years after the commission of the offense. The ten-year statute of limitations in section 16–5–401(8)(a) remains in effect for any sexual assault committed between July 1, 1984 and July 1, 1991, and for sexual assaults committed after July 1, 1991, that do not satisfy the statutory criteria in section 16–5–401(8)(a.5).

Here, it is undisputed that the alleged sexual assaults on A.B. occurred on August 21, 1992, sufficiently postdating July 1, 1991. It is further undisputed that defendant was identified by his DNA profile and that A.B. reported the assaults to the police immediately after they occurred. Thus, section 16–5–401(8)(a.5) applies to the circumstances of this case by its plain language, and there is no statutory time limit upon the prosecution of the charges against defendant. *See Romero,* 179 P.3d at 986 (no need for further

statutory analysis if statutory language is clear and unambiguous).

We reject defendant's contention that the prosecution must "file an indictment, information, or complaint against the DNA recovered from the scene of the crime within 10 years" in order to take advantage of the indefinite statute of limitations provided by section 16–5–401(8)(a.5). As the district court correctly observed in its order denying defendant's motion to dismiss, defendant misconstrues the statute. Nothing in the language of section 16–5–401(8)(a.5) supports defendant's interpretation of that statute. Rather, as discussed above, section 16–5–401(8)(a.5) requires only that, as is the case here, the offense be reported to a law enforcement agency within ten years of its occurrence, and that the defendant's identity be determined by genetic testing.

■ We also reject defendant's contention that the rule of lenity precludes the application of the indefinite statute of limitations to his case. Because we have concluded that section 16–5–401(8)(a.5) is clear and unambiguous, we need not turn to the rule of lenity, which is "a rule of last resort" invoked only "if after utilizing the various aids of statutory construction, the General Assembly's intent remains obscured." *People v. Thoro Prods. Co.,* 70 P.3d 1188, 1198 (Colo. 2003) (citing *United States v. Wilson,* 10 F.3d 734, 736 (10th Cir.1993)); *see also Summers,* 208 P.3d at 258 (rule of lenity used to determine which of two directly conflicting statutes of limitation controls where both the statutory language and legislative history were ambiguous).

Because there is no statutory time limit upon the prosecution of the charges against defendant, we conclude that the court properly denied defendant's pro se motion to dismiss. Having reached the conclusion that no statute of limitations ever expired in this case, we need not address the parties' arguments on whether an expired statute of limitations operates as a jurisdictional bar or whether defendant's guilty plea waived his right to raise a statute of limitations defense.

## III. Ex Post Facto and Due Process Clauses

■ In the alternative, defendant contends the retroactive application of section 16–5–401(8)(a.5) violates the constitutional prohibition against ex post facto legislation and his right to due process. We disagree.

■ We review the constitutionality of a statute de novo. *Hinojos–Mendoza v. People,* 169 P.3d 662, 668 (Colo.2007). In doing so, we presume that it comports with constitutional standards. *People v. Baer,* 973 P.2d 1225, 1230 (Colo.1999). The party challenging a statute on constitutional grounds bears the burden of establishing the statute's unconstitutionality beyond a reasonable doubt. *Id.*

A statute is not rendered unconstitutional as an ex post facto law merely because the facts upon which it operates occurred before the adoption of the statute. Rather, two elements must be present before a criminal law will be stricken down as ex post facto. First, the law must be retrospective, that is, it must apply to events occurring before its enactment. Second, the law must disadvantage the person affected by it.

*People v. Zapotocky,* 869 P.2d 1234, 1244–45 (Colo.1994) (citation omitted).

■■ It is well established that "a law enacted after expiration of a previously applicable limitations period violates the Ex Post Facto Clause when it is applied to revive a previously time-barred prosecution." *Stogner v. California,* 539 U.S. 607, 632–33, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003); *see People v. Shedd,* 702 P.2d 267, 268 (Colo.1985) ("Retroactive application of a statute of limitations to revive a previously barred prosecution violates the fundamental constitutional prohibition against ex post facto legislation."). However, it is equally well established that there is no ex post facto violation where the legislature extends the limitations period for prosecutions not yet time-barred as of the date of the extension. *See Stogner,* 539 U.S. at 632, 123 S.Ct. 2446; *United States v. Taliaferro,* 979 F.2d 1399, 1402 (10th Cir.1992); *People v. Whitesell,* 729 P.2d 985, 986 (Colo.1986); *People v. Midgley,* 714

P.2d 902, 903–04 (Colo.1986); *People v. Holland,* 708 P.2d 119, 120 (Colo.1985) (the legislature may extend the statute of limitations for prosecutions not already time-barred as of the effective date of the extension without violating constitutional provisions against ex post facto laws).

In this case, the alleged sexual assaults of A.B. occurred on August 21, 1992. When the General Assembly enacted section 16–5–401(8)(a.5) in July 2001, and extended the statute of limitations indefinitely for sexual assaults committed after July 1, 1991 that meet the identity and reporting criteria of that section, the prosecution of the charges against defendant was not yet time-barred. Indeed, there was still more than one year remaining under the ten-year statute of limitations that existed prior to the July 1, 2001 enactment of section 16–5–401(8)(a.5). Therefore, as a matter of law, we conclude that it was not an ex post facto violation to apply the indefinite statute of limitations set forth in section 16–5–401(8)(a.5) to the charges against defendant. *See Midgley,* 714 P.2d at 904 (extended limitations period applies to the charges which have not yet been time-barred on the effective date of the legislative extension).

To the extent that defendant asserts a violation of due process of law that is separate from his ex post facto contention, we decline to address this separate contention on appeal because defendant has neither articulated a cogent argument for review nor provided supporting legal authority. *See* C.A.R. 28(a)(4); *Castillo v. Koppes–Conway,* 148 P.3d 289, 291–92 (Colo.App.2006) (party who does not refer to authority in support of an argument does not present a cogent argument for review).

The order is affirmed.

CASEBOLT and FOX, JJ., concur.