2014 COA 20

The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Arturo Cutberto HERRERA,
Defendant–Appellant.

Court of Appeals No. 11CA1797

Colorado Court of Appeals,
Div. I.

Announced March 13, 2014

Jefferson County District Court No. 11CR718, Honorable Dennis J. Hall, Judge.

John W. Suthers, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellant

Douglas K. Wilson, Colorado State Public Defender, Rachel C. Funez, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE DUNN

¶ 1 Defendant, Arturo Cutberto Herrera, appeals his sentence on three grounds. He argues that the district court: (1) erred in resentencing him after he was rejected from placement in a community corrections program without first holding a hearing; (2) failed to exercise its discretion when it converted his six-year community corrections sentence to a Department of Corrections (DOC) sentence; and (3) in the alternative, abused its discretion when it resentenced him to six years in DOC. We reject these arguments and affirm.

## I. Background

¶ 2 Herrera pleaded guilty to third degree assault, resisting arrest, and second degree burglary. Before his sentencing hearing, the county corrections board screening committee accepted Herrera for placement in a community corrections program. Based on this preliminary acceptance and the probation department's recommendation, the district court sentenced Herrera to six years in community corrections. A month after the sentencing hearing, the recommended community corrections program rejected Herrera before he was actually placed in the program because of mental health concerns.

¶ 3 Four days after the program rejected Herrera, the probation department requested that the district court resentence Herrera, because "community corrections is no longer an option." That same day, without holding a resentencing hearing, the district court converted Herrera's community corrections sentence to a six-year DOC sentence followed by three years of mandatory parole.

## II. No Resentencing Hearing Was Required

¶ 4 Herrera argues that the district court erred in converting his community corrections sentence to a DOC sentence without first holding a resentencing hearing. We conclude that the district court was not required to hold a resentencing hearing, and, thus committed no error.

### A. Governing Standards

¶ 5 Both parties acknowledge that the determination of whether a resentencing hearing was necessary requires us to construe section 18–1.3–301(1)(d), C.R.S.2013. The in-

terpretation of subsection (1) (d) is a question of law that we review de novo. *See People v. Reed*, 2013 COA 113, ¶ 69, 338 P.3d 364; *see also Dubois v. People*, 211 P.3d 41, 43 (Colo.2009).

¶ 6 When interpreting a statute, our primary duty is to determine and give effect to the intent of the General Assembly. *People v. Cross*, 127 P.3d 71, 73–74 (Colo.2006). In doing so, we first look to the statute's plain language. *Id.* at 73; *Vigil v. Franklin*, 103 P.3d 322, 327 (Colo.2004); *People v. Scoggins*, 240 P.3d 331, 333 (Colo.App.2009). If the statute is clear and unambiguous, we enforce it as written, applying no other rules of statutory construction. *Whitaker v. People*, 48 P.3d 555, 558 (Colo.2002); *People v. Santana–Medrano*, 165 P.3d 804, 806 (Colo. App.2006); *see also People v. Hicks*, 262 P.3d 916, 918 (Colo.App.2011) ("If the statutory language is unambiguous, we look no further and apply the words as written.").

### B. Community Corrections Sentencing Statutes

¶ 7 Herrera contends that reading section 18–1.3–301(1)(d) together with section 18–1.3–301(1)(e), supports the conclusion that a court must hold a hearing when resentencing an offender pursuant to subsection (1)(d). We are not persuaded.

¶ 8 Subsection (1)(e) provides that where an offender "is rejected after acceptance by a community corrections board ... the court may resentence the offender without any further hearing ..."§ 18–1.3–301(1)(e). Subsection (1)(d), in contrast, is silent regarding whether a hearing is required, stating, "[i]f an offender is rejected by a community corrections board or a community corrections program before placement in a program, the court shall promptly resentence the offender." § 18–1.3–301(1)(d).[1]

¶ 9 On its face, nothing in subsection (1)(d) requires the court to hold a resentencing hearing. Nor does it prohibit such a hearing. The only requirement is that the district court "promptly" resentence an offender. *Id.* Far from creating ambiguity, the

provision confers discretion upon a court to conduct a resentencing hearing. *Cf. People v. Nance*, 221 P.3d 428, 431 (Colo.App.2009) (where a sentencing statute is silent as to the trial court's authority, the trial court retains discretion to resentence an offender to probation).

¶ 10 Even so, Herrera argues that, because subsection (1)(d) does not contain the same discretionary language as subsection (1)(e), the legislature "plainly" intended to require a hearing when an offender is resentenced under subsection (1)(d). The plain language of subsection (1)(d), however, does not compel such a result. Had the legislature intended to require a court to hold a resentencing hearing or to limit its discretion in deciding whether such a hearing is warranted, it would have plainly done so, as it did in subsection (1)(g.5). *See* § 18–1.3–301(1) (g.5) (stating that "the court shall conduct a resentencing hearing" in cases where "an offender is terminated or rejected from a community corrections program after having been sentenced to the program for a level 4 drug felony"). We will not judicially impose a hearing requirement where the legislature did not. *See, e.g., People v. Drennon*, 860 P.2d 589, 591 (Colo.App.1993) (if the legislature intended a statute to include a particular requirement, it would have clearly expressed that intent); *see also People v. Jaramillo*, 183 P.3d 665, 671 (Colo.App.2008) (courts cannot add words to or subtract words from a statute).

¶ 11 In any event, construing subsection (1)(d) *in pari materia* with subsection (1)(e) produces the same result. *See Erlenbaugh v. United States*, 409 U.S. 239, 243, 93 S.Ct. 477, 34 L.Ed.2d 446 (1972) (under *in pari materia* canon, statutes addressing the same subject matter should generally be read together; *see also People v. Harris*, 914 P.2d 425, 429–30 (Colo.App.1995) (statutes pertaining to the same subject matter must be read *in pari materia* to ensure legislative intent is fulfilled and to avoid inconsistency). That is, construing subsection (1)(d) to confer discretion on the district court to decide whether to hold a resentencing hearing is

---

1. We are concerned here only with whether a hearing is required when a community correc-

tions sentence is converted to an equivalent DOC sentence.

entirely consistent with the discretion conferred in subsection (1)(e).

¶ 12 In contrast, construing subsection (1)(d) to require a resentencing hearing would be inconsistent with subsection (1)(e) and would create an anomalous, if not an absurd, result. Indeed, such a construction would require a court to hold a resentencing hearing if an offender is rejected one day before placement in a community corrections program, but would not require a resentencing hearing where an offender is rejected one day after placement in a program. There is no logical support for such an incongruent result. *See Colo. & S. Ry. Co. v. Dist. Court,* 177 Colo. 162, 166, 493 P.2d 657, 659 (1972) (we will not construe statutes which are *in pari materia* in a manner that leads to an absurd result); *see also Frazier v. People,* 90 P.3d 807, 811 (Colo.2004) ("A statutory interpretation leading to an illogical or absurd result will not be followed.").

¶ 13 Accordingly, after Herrera was rejected for placement in community corrections, the district court was not required to hold a hearing when it resentenced him and converted his community corrections sentence to an equivalent DOC sentence.

## III. Propriety of Herrera's Resentence

¶ 14 Herrera next contends that the district court failed to exercise its discretion in resentencing him or, in the alternative, that it abused its discretion by resentencing him to six years in DOC. We reject both contentions.

### A. Preservation and Standard of Review

¶ 15 Herrera's contention that the district court failed to exercise its discretion when it resentenced him to DOC was not presented to the district court. But Herrera has the right to "one appellate review of the propriety of the sentence." § 18–1–409(1), C.R.S.2013; *see also* C.A.R. 4(c)(1)(II). Thus, Herrera is entitled to seek review of his sentence. *See* C.A.R. 4(c)(1)(II); *People v. Arevalo,* 835 P.2d 552, 553 (Colo.App.1992) (noting that the rules governing criminal appeals apply equally to appellate review of sentences; reviewing a direct appeal of a sentence).

¶ 16 We review a trial court's sentencing decision for an abuse of discretion. *Lopez v. People,* 113 P.3d 713, 720 (Colo.2005); *People v. Valencia–Alvarez,* 101 P.3d 1112, 1117 (Colo.App.2004). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, *People v. Harding,* 17 P.3d 183, 187 (Colo.App.2000), or when it fails to exercise its discretion due to its erroneous construction of the law. *See DeBella v. People,* 233 P.3d 664, 667 (Colo.2010) (a court's failure to exercise its discretion due to erroneous statutory construction is tantamount to an abuse of discretion).

### B. The District Court Exercised its Discretion

¶ 17 In exercising its sentencing discretion, a court must consider the nature of the offense, the character and rehabilitative potential of the offender, the deterrence of crime, and the protection of the public. *People v. Fuller,* 791 P.2d 702, 708 (Colo. 1990); *People v. Pauley,* 42 P.3d 57, 60 (Colo. App.2001). The sentence should be the product of a rational selection from various sentencing alternatives and should be consistent with the aims of the sentencing process. *Rocha v. People,* 713 P.2d 350, 352 (Colo.1986). But a court need not expressly refer to each of the factors it considers. *People v. Walker,* 724 P.2d 666, 669 (Colo.1986). A sentence that is within the range required by law and based upon appropriate facts in the record will be upheld. *Fuller,* 791 P.2d at 708.

¶ 18 We do not agree with Herrera's contention that the district court failed to exercise its discretion because it "did not know" that it could either hold a resentencing hearing or reduce the length of his sentence upon his rejection from community corrections. Subsection (1)(d) neither requires nor prohibits a resentencing hearing. While the district court could have held a resentencing hearing, it was not required to do so. And nothing in the record supports Herrera's assertion that the district court was unaware it could reduce Herrera's sentence. That the court chose not to hold a resentencing hearing or sentence Herrera to less time does not demonstrate that it failed to exercise its discretion.

¶ 19 Nor is there record support to suggest that the district court failed to exercise

its discretion when it imposed the original sentence. The record confirms that the court considered appropriate factors when it sentenced Herrera, including, among other things, that: (1) the offense was "an aggravated one"; (2) Herrera "broke into several houses"; (3) Herrera had a number of felony convictions and a "criminal record going back to 1991"; (4) the victim would likely want a long sentence; and (5) Herrera had a "serious drug problem." The court then weighed Herrera's need for drug treatment against the "need to protect society and punish people for violating the law." Considering these factors, the court specifically rejected the request to sentence Herrera to probation or to a low-security program because, in the court's view, doing so would not "sufficiently protect the community."

¶ 20 When the court resentenced Herrera just over a month after the first sentencing hearing, it did so in light of the factors it originally considered. Because the court expressly rejected a sentence that did not involve confinement, the conversion of Herrera's six-year community corrections sentence to an equivalent DOC sentence is consistent with the court's expressed intent. *See Shipley v. People*, 45 P.3d 1277, 1280–81 (Colo.2002) (noting that the terms "incarceration" and "imprisonment" refer, in certain circumstances, to community correction sentences as well as DOC sentences).

¶ 21 The district court considered appropriate factors when it originally sentenced Herrera and it was not required to hold a resentencing hearing. Thus, it did not fail to exercise its discretion when it converted the six-year community corrections sentence to a DOC sentence.

### C. The Six–Year DOC Resentence Was Not an Abuse of Discretion

 ¶ 22 Herrera alternatively contends that the six-year DOC sentence was an abuse of discretion, arguing, in essence, that the sentence was too severe. The sentence, however, was based on appropriate considerations and is within the applicable sentencing range.[2] *See* § 18–4–203(2), C.R.S.2013 (sec-

ond degree burglary is a class four felony); § 18–1.3–401(1)(a)(V)(A), C.R.S.2013 (a class four felony carries between two and six years imprisonment). It is therefore presumed reasonable. *See Fuller*, 791 P.2d at 708; *accord People v. Zuniga*, 80 P.3d 965, 972 (Colo.App.2003).

 ¶ 23 To the extent Herrera argues that the district court abused its discretion by imposing mandatory parole and thereby increasing his sentence, he is incorrect. Mandatory parole is separate from the length of a DOC sentence. *People v. Johnson*, 13 P.3d 309, 312, 315 (Colo.2000) ("[W]e conclude that the term 'offender's sentence' ... refers to the period of confinement, imprisonment, or term of custody ... exclusive of any reference to mandatory parole."). Rather, mandatory parole attaches to a DOC sentence "any time a trial court sentences the offender to the DOC, whether the sentence is an initial sentence or a resentence." *Id.* at 313. The fact that Herrera's resentence includes mandatory parole, therefore, did not amount to an increased sentence or any abuse of discretion by the district court. *See id.* (trial court did not abuse its discretion in commuting defendant's six-year community corrections sentence to a six-year DOC sentence followed by three years mandatory parole after defendant was terminated from community corrections); *accord People v. Abdul*, 935 P.2d 4, 5 (Colo.1997); *People v. McGraw*, 30 P.3d 835, 839 (Colo.App.2001).

¶ 24 Accordingly, the district court did not abuse its discretion in converting Herrera's six-year community corrections sentence to a six-year DOC sentence followed by three years mandatory parole.

### IV. Conclusion

¶ 25 The sentence is affirmed.

JUDGE TAUBMAN and JUDGE FURMAN concur.

---

**2.** The People and Herrera disagree as to whether six or twelve years was the maximum sentence that could be imposed. Under the circumstances presented, however, the issue is largely theoreti-

cal. Neither party argues that the district court misapprehended the sentencing range or otherwise abused its discretion by applying the wrong range.