23CA1176 Peo v Craig 08-15-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1176 Mesa County District Court No. 20CR167 Honorable Richard T. Gurley, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Erik Shane Craig, Defendant-Appellant. SENTENCES AFFIRMED Division III Opinion by JUDGE MOULTRIE Dunn and Yun, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 15, 2024 Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Esteban A. Martinez, Alternate Defense Counsel, Longmont, Colorado, for Defendant-Appellant 
 1 ¶ 1 Defendant, Erik Shane Craig, appeals the sentences imposed on his guilty pleas to sexual assault, obscenity, and child abuse. We affirm. I. Background ¶ 2 In exchange for Craig’s guilty pleas, the prosecution dismissed thirty-three other charges related to his alleged sexual assaults on multiple children. Craig stipulated in the plea agreement to the following sentences: • Sexual assault — ten to twelve years to life in the custody of the Department of Corrections (DOC) plus ten years to life of mandatory parole; • Obscenity — two years in the custody of the DOC; and • Child abuse — a jail sentence to be served concurrently with the sexual assault sentence. He also stipulated to a possible sentence in the aggravated range because he was “a previously convicted sex offender and a[] habitual felon criminal.” Craig further agreed to register as a sex offender. ¶ 3 At sentencing, the district court heard from the victim of Craig’s prior 2010 conviction for attempted sexual assault on a 
 2 child, who also participated in this case as a CRE 404(b) witness. The victim, C.S., talked about the effect Craig’s conduct had on her and the effect the current case had on her. She urged the court to impose the maximum prison sentence. The court also heard from another person connected to the victims in this case. And a friend of Craig’s spoke on his behalf. ¶ 4 The district court found that Craig did not meet the definition of a sexually violent predator. The court found, however, that he was a “serial [s]ex [o]ffender” based on the 2010 case. The court also required Craig to register as a sex offender. ¶ 5 In making its findings, the court referenced C.S.’s statements, indicating its appreciation of the difficulties cases like this present to the victims and stating, And I remember the, the 2010 case. I remember – I think it was [the victim’s father], and he talked about how Mr. Craig’s actions had impacted his daughter, and it was significant. And so, here we are, you know, 13 years later with similar type of behavior. I understand he didn’t plead . . . to the sexual assault . . . on the children accounts [sic], but they are listed in th[e] obscenity counts. The court went on to say, 
 3 I’ve been involved in this litigation from the beginning. I, I know the, the history and, and what the evidence was purporting to — purporting they’re going to be showing at trial. And you know what I’ve got out of this is that Mr. Craig, to the extent that he [previously] participated in Sex Offender treatment, it wasn’t successful, because we’re here again. The court also expressed concern that Craig appeared to be focused on the impact the case had on him rather than the victims in a statement that he wrote. ¶ 6 The court then sentenced Craig, within the parameters of the plea agreement, to twelve years to life in the custody of the DOC plus ten years to life of mandatory parole for sexual assault, a consecutive two-year term in the custody of the DOC for obscenity, and a concurrent one-year jail term for child abuse. II. Discussion ¶ 7 Craig contends that the district court abused its discretion and violated his due process rights because it based its sentencing decision, in part, on C.S.’s statements related to the 2010 case. We disagree. 
 4 A. Standards of Review and Reversal ¶ 8 We generally review sentencing decisions for an abuse of discretion. Lopez v. People, 113 P.3d 713, 720 (Colo. 2005). “A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it fails to exercise its discretion due to its erroneous construction of the law.” People v. Herrera, 2014 COA 20, ¶ 16 (citation omitted). However, we review de novo a constitutional challenge to a district court’s sentencing determination. Lopez, 113 P.3d at 720. ¶ 9 We agree with the parties that Craig’s contention is unpreserved. We therefore review for plain error. See Hagos v. People, 2012 CO 63, ¶ 14. An error is plain if it is obvious and substantial. Id. We reverse under this standard only if the error so undermined the fundamental fairness of the proceeding so as to cast serious doubt on the reliability of the judgment of conviction. Id. B. Applicable Law ¶ 10 The type of evidence that a court may consider during the sentencing phase of a criminal proceeding is largely unconstrained. People v. Tallwhiteman, 124 P.3d 827, 837 (Colo. App. 2005). The 
 5 court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, the development of respect for the law, the deterrence of crime, and the protection of the public. People v. Maestas, 224 P.3d 405, 409 (Colo. App. 2009); People v. Thoro Prods. Co., 45 P.3d 737, 748 (Colo. App. 2001), aff’d, 70 P.3d 1188 (Colo. 2003). Aggravating or mitigating circumstances can include past conduct, a pattern of conduct that indicates whether the defendant is a serious danger to society, and prior convictions. People v. Leske, 957 P.2d 1030, 1043 (Colo. 1998). “[A] court may consider not only the conduct with which the offender was expressly charged, but also unrelated criminal conduct and even aspects of his life that go beyond antisocial conduct.” Vensor v. People, 151 P.3d 1274, 1280 (Colo. 2007). C. Analysis ¶ 11 We conclude that the district court did not err by considering C.S.’s statements related to Craig’s 2010 conviction in making its sentencing determination. A court is permitted to consider a defendant’s criminal record during sentencing, and Craig has not shown that such consideration was inappropriate here. See Leske, 
 6 957 P.2d at 1043; Vensor, 151 P.3d at 1280; see also Almendarez-Torres v. United States, 523 U.S. 224, 230 (1998) (“[P]rior commission of a serious crime . . . is as typical a sentencing factor as one might imagine.”). ¶ 12 Tallwhiteman is instructive. In that case, the district court heard statements at sentencing from the alleged victim in one of two prior assault cases involving the defendant. Tallwhiteman, 124 P.3d at 837. The division noted that, [w]hile a sentence may not be based on materially untrue evidence, a sentencing court may, in evaluating the nature of the offense and the character of the offender, consider conduct for which the offender was never charged, conduct for which charges were filed but later dismissed as part of a plea agreement, or even conduct for which the offender was charged and subsequently acquitted. Id. The division then concluded there was no evidence in the record suggesting that the victim’s statements about the defendant’s prior conduct were materially untrue, and therefore the district court had not erred by considering the statements in sentencing. Id. ¶ 13 We agree with the division’s reasoning and holding in Tallwhiteman and follow it here. In Craig’s case, there is likewise no 
 7 evidence in the record indicating that the victim’s statements at sentencing regarding Craig’s prior conduct were materially untrue. Nor does Craig allege so. Accordingly, the district court did not err, let alone plainly err, by considering C.S.’s statements in sentencing. III. Disposition ¶ 14 The sentences are affirmed. JUDGE DUNN and JUDGE YUN concur.