23CA1337 Peo v Schindlbeck 10-03-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1337
Jefferson County District Court Nos. 18CR3007 & 20CR3304
Honorable Meegan A. Miloud, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael A. Schindlbeck,

Defendant-Appellant.

---

SENTENCES AFFIRMED

Division VII
Opinion by JUDGE TOW
Pawar and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 3, 2024

---

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Rebecca E. Woodman, Attorney at Law, L.C., Rebecca E. Woodman, Kansas
City, Missouri, for Defendant-Appellant

¶ 1     Defendant, Michael A. Schindlbeck, appeals the sentences imposed following a resentencing hearing.  We affirm.

## I.     Background

¶ 2     Schindlbeck pleaded guilty to a theft count under the terms of a deferred sentence.  The People filed a motion to revoke the deferred sentence based on new sexual assault charges brought against Schindlbeck in a separate case.  After Schindlbeck pleaded guilty to attempt to commit sexual assault and admitted to violating his diversion agreement, the district court revoked Schindlbeck's deferred sentence, sentenced Schindlbeck to a six-year sentence in the custody of the Department of Corrections (DOC), suspended that sentence, and sentenced Schindlbeck in both cases to an indeterminate sentence of five years to life on sex offender intensive supervised probation.

¶ 3     Probation later filed a complaint to revoke Schindlbeck's probation, alleging Schindlbeck violated two conditions of probation.  Schindlbeck was appointed new defense counsel — Zulfikar Wafai.  Schindlbeck admitted the allegations, and the district court imposed consecutive sentences of eighteen months in

1

community corrections and six years in community corrections, with credit for time served.

¶ 4    Community corrections subsequently rejected Schindlbeck based on several program violations. Wafai represented Schindlbeck at the resentencing hearing. At the resentencing hearing, Wafai argued that Schindlbeck should be given another opportunity to complete a probationary sentence, rather than the court sentencing him to prison. The court resentenced Schindlbeck, imposing the original six-year DOC sentence and a one-year DOC sentence in the other case, to run consecutively, with credit for time served.

¶ 5    Before the resentencing hearing, while represented by Wafai, Schindlbeck filed a pro se Crim. P. 35(c) motion in one of his cases, alleging that Wafai had been ineffective earlier in the case for failing to challenge a condition of probation that Schindlbeck subsequently violated, among other reasons. At the conclusion of the resentencing hearing, Wafai informed the court that Schindlbeck had filed the pro se postconviction motion, provided the court with a "courtesy copy," and said that he was not requesting a ruling on the motion at that time.

¶ 6    This appeal followed.

## II.    Actual Conflict

¶ 7    Schindlbeck contends that the district court erred by failing to inquire into a potential conflict or obtain an express waiver after it became aware at the end of the hearing that Schindlbeck had filed a pro se Crim. P. 35(c) alleging that Wafai was ineffective earlier in the case.  Because we conclude that there was no actual conflict of interest, we need not address the district court's lack of inquiry or the People's contention that Schindlbeck waived any appellate claims regarding the issue.

¶ 8    "We review de novo whether an actual conflict of interest existed."  *People v. Deutsch*, 2020 COA 114, ¶ 13.

¶ 9    The right to counsel is guaranteed by the Sixth Amendment and is considered essential to a fair trial.  *People v. Arguello*, 772 P.2d 87, 92 (Colo. 1989).  The right to counsel exists at every "critical stage" of a criminal prosecution, *People v. Evans*, 971 P.2d 229, 232 (Colo. App. 1998), and a resentencing hearing is such a critical stage, *People v. Duke*, 36 P.3d 149, 152 (Colo. App. 2001).  This includes the right to conflict-free counsel.  *West v. People*, 2015 CO 5, ¶ 15.  Counsel can become encumbered with a conflict

3

when their "ability to champion the cause of the client becomes substantially impaired." *Rodriguez v. Dist. Ct.*, 719 P.2d 699, 704 (Colo. 1986).

¶ 10    "Once a trial court is put on notice of a potential conflict of interest between the defendant and defense counsel, it has a duty to inquire into the propriety of continued representation by counsel." *People v. Hagos*, 250 P.3d 596, 613 (Colo. App. 2009) (citation omitted).  However, a district court's failure to inquire into a potential conflict is not automatic grounds for reversal. *See Mickens v. Taylor*, 535 U.S. 162, 174 (2002).

¶ 11    To obtain relief on this ground, the defendant "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *West*, ¶ 18 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)).  To show an adverse effect, a defendant must

> (1) identify a plausible alternative defense strategy or tactic that counsel could have pursued, (2) show that the alternative strategy or tactic was objectively reasonable under the facts known to counsel at the time of the strategic decision, and (3) establish that counsel's failure to pursue the strategy or tactic was linked to the actual conflict.

*Id.* at ¶ 57.

4

¶ 12    Although the district court did not inquire into whether there was a conflict of interest during, or immediately following, the resentencing hearing, Schindlbeck has not shown that Wafai was subject to an actual conflict of interest that adversely affected his performance on behalf of Schindlbeck. Therefore, reversal is not warranted.

¶ 13    Schindlbeck asserts in conclusory fashion that because he had previously filed a Crim. P. 35(c) motion alleging ineffective assistance of counsel, Wafai's performance was adversely affected at the resentencing hearing. But Schindlbeck points to nothing in the record that suggests Wafai's performance suffered as a result of the pending motion. Nor does he identify an objectively reasonable alternative strategy or tactic that Wafai failed to pursue at resentencing. And we see no reason to believe that Wafai's argument at the resentencing hearing was impacted in any way by Schindlbeck's Crim. P. 35(c) motion.

¶ 14    Notwithstanding Schindlbeck's previous failures at progressively more restrictive levels of supervision, Wafai presented a cogent, if not ultimately persuasive, argument that Schindlbeck should be given yet another chance at probation in order to

5

complete his sex offender treatment. Moreover, he appropriately requested that Schindlbeck be credited for time served on the sentence for the theft conviction. Indeed, during his allocution, Schindlbeck essentially adopted Wafai's request, and he expressed no concern that Wafai did not make the best argument he could. Thus, no conflict of interest adversely affecting Wafai's performance is evident from the record.

¶ 15 Because Wafai did not operate under an actual conflict of interest, Schindlbeck was not deprived of conflict-free counsel.

### III. Resentencing Reasons

¶ 16 Schindlbeck contends that the district court erred by sentencing him to prison without stating its reasons. We discern no error.

¶ 17 "We review a trial court's sentencing decision for an abuse of discretion." *People v. Herrera*, 2014 COA 20, ¶ 16. "A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair . . . ." *Id.*

¶ 18 "In exercising its sentencing discretion, a court must consider the nature of the offense, the character and rehabilitative potential of the offender, the deterrence of crime, and the protection of the

public." *Id.* at ¶ 17. But a sentencing court need not expressly refer to each of the factors it considers when exercising its discretion in fashioning a sentence; rather, a sentence that is within the range required by law and is based upon appropriate facts in the record will be upheld. *Id.*

¶ 19    When resentencing a defendant from community corrections to the DOC following a defendant's failure to comply with the requirements of community corrections, it is not an abuse of discretion for the court to reference the original sentencing judge's considerations and, finding nothing in the record sufficient to modify or readdress those considerations, simply reimpose the same sentence to the DOC. *See id.* at ¶¶ 19-20 (concluding that the district court considered appropriate factors when it originally sentenced the defendant and did not abuse its discretion when it resentenced the defendant in light of those original factors).

¶ 20    The district court referenced the original sentencing judge's considerations when resentencing Schindlbeck to the original sentence to the DOC. In doing so, the court did not indicate that it felt *bound* to follow the same considerations; to the contrary, the court's comments clearly indicated that it was *choosing* to take the

same path.  And Schindlbeck does not contend that the original sentencing court failed to exercise its discretion when it imposed the original sentence.  *See id.* at ¶ 19.  Nor do we discern anything in the record sufficient to modify or readdress those considerations.

¶ 21     Schindlbeck also contends that the district court failed to consider relevant factors to place him back on probation.  But Schindlbeck fails to mention the victim's impassioned plea at sentencing that Schindlbeck be incarcerated.  Nor does he acknowledge his history of failure at lesser levels of supervision: that he initially received a deferred sentence, which was later revoked when he pleaded guilty to a new charge; that his subsequent probation sentence was revoked after he violated two of the conditions; and that he then violated several program conditions imposed by the community corrections program to which he was sentenced.  Given these repeated violations, it was not an abuse of discretion for the court to sentence Schindlbeck to prison, instead of probation.  *See id.* at ¶ 18 ("That the court chose not to . . . sentence [the defendant] to less time does not demonstrate that it failed to exercise its discretion.").

## IV.   Disposition

¶ 22    The sentences are affirmed.

JUDGE PAWAR and JUDGE SCHUTZ concur.