24CA1170 Peo v Rivas-Otero 04-09-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1170
Boulder County District Court No. 21CR439
Honorable Nancy W. Salomone, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Alejandro Rivas-Otero,

Defendant-Appellant.

---

SENTENCE AFFIRMED

Division III
Opinion by JUDGE HARRIS
Dunn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 9, 2026

---

Philip J. Weiser, Attorney General, Cata A. Cuneo, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Rachel C. Funez, Alternate Defense Counsel, Glenwood Springs, Colorado, for Defendant-Appellant

¶ 1    Defendant, Alejandro Rivas-Otero, appeals the sentence imposed after he pleaded guilty to sexual exploitation of a child.  We affirm.

## I.    Background

¶ 2    Rivas-Otero was charged with two counts of sexual assault on a child by one in a position of trust (as part of a pattern of abuse), based on allegations by his ten- and eleven-year-old stepdaughters that he had subjected them to unlawful sexual contact on two occasions.

¶ 3    In exchange for dismissal of the original counts, he pleaded guilty to an added count of sexual exploitation of a child, § 18-6-403(3)(c), C.R.S. 2025 (possession of sexually exploitative material with the intent to sell or distribute), a class 3 felony that carries a presumptive sentence of four to twelve years in the Department of Corrections (DOC).  §§ 18-6-403(5)(a), 18-1.3-401(1)(a)(V)(A.1), C.R.S. 2025.  Under the plea agreement, Rivas-Otero waived a factual basis for the plea, but at the providency hearing, he stipulated that the factual basis involved unlawful sexual behavior.

¶ 4    The plea agreement provided for open sentencing — that is, sentencing "at the discretion of the court."  The presentence

investigation report (PSI) recommended a community-based sentence (sex offender probation plus jail or community corrections), but before sentencing, Immigration and Customs Enforcement detained Rivas-Otero and initiated removal proceedings — a development that the district court and parties agreed rendered a community-based sentence unworkable.

¶ 5    At the sentencing hearing, the prosecution argued for a twelve-year DOC sentence, citing the allegations underlying the original charges, the "age of the victims," Rivas-Otero's moderate risk to reoffend, his noncompliance with bond conditions, his substance abuse issues, and his lack of remorse and general denial of any wrongdoing.

¶ 6    Defense counsel focused on challenging the credibility of the victims and family members who provided victim impact statements.  To that end, counsel submitted documentation of the victims' mother's criminal history and the Department of Human Services' involvement with the family.  He argued that, contrary to the statements, the family's issues were not caused by Rivas-Otero's criminal conduct but by other unrelated circumstances. And given a chance to speak at sentencing, Rivas-Otero did not

2

express remorse but insisted that the "majority of things that [the victims and family members] have said are lies." Defense counsel asked for a sentence "in the middle" of the four-to-twelve-year presumptive range.

¶ 7 Concluding that the "aggravation significantly outweighs the mitigation," the district court sentenced Rivas-Otero to ten years in the custody of the DOC.

## II. Propriety of the Sentence

¶ 8 Rivas-Otero contends that, in imposing the ten-year sentence, the court abused its discretion and violated his due process rights by considering false allegations. We are not persuaded.

### A. Waiver

¶ 9 Rivas-Otero's plea agreement stated that he "explicitly waive[d] his right to a sentence reconsideration pursuant to Colorado law and the Colorado Rules of Criminal Procedure." The State argues, as a threshold matter, that by agreeing to this term, Rivas-Otero waived his right to appeal the propriety of his sentence. That argument misses the mark.

¶ 10 The phrase "sentence reconsideration" has an accepted, specialized meaning under Colorado law. *See Johnson Nathan*

*Strohe, P.C. v. MEP Eng'g, Inc.*, 2021 COA 125, ¶ 12 (In contracts, "legal terms of art 'and terms of a similar nature should be interpreted in accord with their specialized or accepted usage.'" (citation omitted)); *People v. Propst*, 2021 COA 13, ¶ 14 (courts apply general contract principles to interpret plea agreements). A request for a "sentence reconsideration" generally refers to a defendant's Crim. P. 35(b) postconviction motion seeking the district court's reconsideration of a previously imposed sentence. *People v. Brosh*, 2012 COA 216M, ¶ 8; *see also People v. Chavez*, 2020 COA 80M, ¶ 1 (affirming the denial of a Crim. P. 35(b) "motion for sentence reconsideration"). The motion is "intended to give every convicted offender a second round before the sentencing court and to give the court the opportunity to reconsider the sentence in light of further information about the defendant or the case which is presented after the initial sentencing." *People v. Arnold*, 907 P.2d 686, 687 (Colo. App. 1995).

¶ 11 By contrast, section 18-1-409(1), C.R.S. 2025, gives every defendant convicted of a felony "the right to one appellate review of the propriety of the sentence." As the statute's title makes clear, the review is conducted by an appellate court, not the sentencing

4

court, and it is conducted not to "reconsider" a properly imposed sentence based on new information but rather to ensure that the district court imposed a proper sentence in the first place.

¶ 12    Thus, a reasonable person would not think that by agreeing to forgo a request for a discretionary postconviction reduction of a properly imposed sentence he was also relinquishing his statutory right to directly appeal an allegedly improper sentence. *See People v. Antonio-Antimo*, 29 P.3d 298, 303 (Colo. 2000) (Courts interpret plea agreements by "focus[ing] on the meaning a reasonable person would have attached to the agreement at the time [it] was entered into.").

¶ 13    For this reason, we reject the State's waiver argument.

    B.    The Court Did Not Err in Imposing the Sentence

¶ 14    A district court has broad discretion when imposing a sentence, *see People v. Tresco*, 2019 COA 61, ¶ 30, and we will not overturn the sentence absent a clear abuse of that discretion, *People v. Herrera*, 2014 COA 20, ¶ 16. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it fails to exercise its discretion due to its misapprehension of the law. *Id.*

¶ 15    In exercising its sentencing discretion, a court must consider the nature of the offense, the character and rehabilitative potential of the offender, the deterrence of crime, and the protection of the public. *Id.* at ¶ 17.

¶ 16    Rivas-Otero contends that the district court erred by focusing on the nature of the dismissed charges rather than the "offense [he] actually pled [guilty] to," precluding him from attempting to rebut "unfounded and false allegations," failing to consider mitigating factors, and unduly emphasizing his alleged lack of remorse.

¶ 17    To begin, the district court could not consider the nature of the offense of conviction because that offense was a legal fiction — Rivas-Otero "agreed to plead guilty to an added charge [for] which there was no factual basis to take advantage of a plea bargain," a practice permitted under Colorado law. *People v. Medina*, 2021 COA 124, ¶¶ 58-60 (citing *People v. Isaacks*, 133 P.3d 1190, 1191 (Colo. 2006)) (explaining that a "fictitious charge" may be the basis of a valid plea agreement), *aff'd*, 2023 CO 46.

¶ 18    And in any event, in evaluating the nature of an offense and the character of the offender, "a sentencing court is not prohibited from considering conduct for which the offender was never charged"

or "conduct for which charges were filed but later dismissed as part of a plea agreement." *People v. Newman*, 91 P.3d 369, 372 (Colo. 2004); *see People v. Lowery*, 642 P.2d 515, 518 (Colo. 1982) (In sentencing a defendant, "it is proper for the judge to consider aggravating or mitigating information, including other charges dismissed at the time of the plea, in order to best balance the competing sentencing goals of punishment, deterrence, rehabilitation, and protection of society.").

¶ 19    Next, the record belies Rivas-Otero's argument that the court did not "give [him] a fair opportunity to challenge the unfounded and unreliable allegations made at sentencing." The allegedly unfounded allegations concerned whether Rivas-Otero had penetrated either of the victims with his finger or assaulted any of the victims' male siblings (or other unidentified children). The court did not preclude counsel from disputing those allegations: defense counsel pointed out that the affidavit for an arrest warrant did not mention penetration allegations and that the male siblings had denied any abuse. (The prosecutor did not dispute the lack of evidence concerning other child victims, but noted that the PSI included an allegation of penetration.)

¶ 20    True, the court reminded Rivas-Otero that he had pleaded guilty and thereby forfeited his right to have a jury determine exactly what had happened. *See Sanchez-Martinez v. People*, 250 P.3d 1248, 1254 (Colo. 2011) (when a defendant pleads guilty, he waives his right to a jury trial, to confront witnesses against him, and to require the prosecution to establish guilt beyond a reasonable doubt). But the court's comments did not suggest that Rivas-Otero had to endorse all of the allegations in the victim impact statements. The problem was not Rivas-Otero's challenge to discrete allegations; it was his wholesale denial of *any* wrongdoing, which the court accurately explained was inconsistent with the concept of a guilty plea.

¶ 21    We also disagree that the court failed to properly consider mitigating circumstances. The PSI discussed Rivas-Otero's background, including that he grew up poor in Mexico (he told the PSI writer that he "lived in a chicken coop with the pigs"), that he was abused "all the time," that he left school after the sixth grade, and that he had no significant criminal history. The court apparently reviewed the PSI because the parties and the court referred to it during the sentencing hearing. Accordingly, the court

8

was apprised of all the potentially mitigating factors relevant to its sentencing decision.

¶ 22 However, the PSI also set forth various aggravating factors, including that Rivas-Otero answered "all questions" on an empathy assessment "in a manner blaming the victims," he was at moderate risk of reoffending, he minimized his substance abuse issues, he had a history of antisocial behaviors, and he was only marginally compliant with pretrial supervision.

¶ 23 That the court focused on Rivas-Otero's lack of criminal history as the notable mitigating factor does not mean it failed to consider other potentially mitigating circumstances. A sentencing court need not "engage in a point-by-point discussion of each and every one of [the sentencing] factors when it explains the sentence to be imposed." *People v. Walker*, 724 P.2d 666, 669 (Colo. 1986). Rivas-Otero has not cited, and we are not aware of, any authority requiring the district court to list all arguably mitigating circumstances before imposing a sentence in the presumptive range.

¶ 24 As for the court's emphasis on Rivas-Otero's lack of accountability and remorse, we perceive no error. For one thing,

while the court may not place undue emphasis on any one sentencing factor to the exclusion of the others, *People v. Campbell*, 58 P.3d 1080, 1087 (Colo. App. 2002), *aff'd*, 73 P.3d 11 (Colo. 2003), "[t]he fact that a sentencing court finds aggravating factors to be more compelling than mitigating factors does not constitute an abuse of discretion or indicate that the court failed to consider" all proper sentencing factors, *People v. Myers*, 45 P.3d 756, 757 (Colo. App. 2001). In addition, the court did not consider lack of accountability or remorse in isolation. It considered that factor in connection with other sentencing factors and concluded that Rivas-Otero's failure to admit any wrongdoing, even after having pleaded guilty, made him less amenable to treatment and more of a risk to the community.

¶ 25    Finally, we reject Rivas-Otero's argument that the district court violated his due process rights by relying on a letter from the victims' aunt that alleged Rivas-Otero had engaged in multiple uncharged instances of abuse against the victims and their male siblings. According to Rivas-Otero, the letter contained "demonstrably false" hearsay.

¶ 26    In sentencing a defendant, the district court may not rely on facts unsupported by or outside the record.  *Noland v. People*, 485 P.2d 112, 113-14 (Colo. 1971); *People v. Pourat*, 100 P.3d 503, 504-05 (Colo. App. 2004); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (A sentencing court errs by imposing a sentence "founded at least in part upon misinformation of constitutional magnitude.").

¶ 27    Here, though, nothing suggests that the court relied on the aunt's letter.  When defense counsel objected to the letter, the court acknowledged that "some of the things that were listed [in the letter] are not things that were part of this case."  And in imposing the sentence, the court told Rivas-Otero that the hearing was "about what [he] did to the *girls* in [his] family."  (Emphasis added.)  The court never referred to any alleged continuing abuse of the victims or any alleged sexual contact with the siblings.

¶ 28    Before imposing a sentence, "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [s]he may consider, or the source from which it may come."  *Tucker*, 404 U.S. at 446.  And having reached a decision, the judge need only "state on the record the basic reasons

for imposing the sentence." *People v. Chase*, 2013 COA 27, ¶ 84. Because we discern no error in the court's imposition of Rivas-Otero's sentence, we affirm it.

### III.   Disposition

¶ 29    The sentence is affirmed.

JUDGE DUNN and JUDGE MOULTRIE concur.